Mark P. Robinson, Jr., SBN 54426
Daniel S. Robinson, SBN 244245
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA 92660
(949) 720-1288; Fax (949) 720-1292
mrobinson@robinsonfirm.com

*Attorneys for Defendants,*
*ANDREA ABRAMS, et al.*
*[See Signature Line for Additional*
*Defendants]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, MANDALAY RESORT GROUP, MANDALAY BAY, LLC f/k/a MANDALAY CORP., MGM RESORTS FESTIVAL GROUNDS, LLC, MGM RESORTS VENUE MANAGEMENT, LLC<br><br>                    Plaintiffs,<br><br>   v.<br><br>DAVID AASE, et. al.<br><br>                    Defendants. | Case No. 2:18-cv-06113-JAK (FFM)<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT SEEKING DECLARATORY RELIEF** |

COME NOW, Defendants ANDREA ABRAMS, DANIEL ABRAMS, LEANNE ALTAMIRANO, JOANNA ALVAREZ, JENNIFER APARICIO, SHARMEN BADUA-MURRAY, SHANNON BALAS, JASMINE BARBUSCA, ASHLEY BECKER, ANNALISE BELMARES, MEGHAN BELMARES, JONATHAN BELTRAN, AMANDA BOBB, MICHAEL BRADLEY, STEVEE BRANCATO, JOHN BUI, LYNZEE CAMPBELL, KAREN CANADA, BRITTNIE NICOLE CARDENAS, ELIZABETH CARVALHO, CONNOR CASAREZ,

CHRISTOPHER CAYWOOD, KASANDRA CAYWOOD, KERI CESARIO, ROBERT CESARIO, KRISTI CHRISTENSEN, KATHLEEN CONTI, TYLER CRAIG, BRENDA CRANE, JENNIFER CUEVAS, ADRIANNA CULLER, KYLE DAVID, VANESSA DIPOLITO, ROBYN DOBBS, ELYSE DONNELLY, JESSICA DOVALINA, GENA ELFELT, STACI ELLIS, STEVE ENCINIAS, MELISSA FIERRO, DANIEL FLORES, AMANDA FROST, STEPHANIE GALLEGOS, TRISTI GLOVER, ALESHA GONZALEZ, JENNIFER GRIMM, GABRIEL GUERRERO, TRISHA GUERRERO, LARRY HAYDEN, BRANDON HELMICK, KRISTINE HENDERSON, WHITNEY HINNANT, TAMMY HISCOX GURULE, KENDRA HOBBS, KATHERINE HOEY, LISA HOLGUIN, BRENDAN HOOLIHAN, DEBRA HUDSON, JULIE HUNTSINGER, RENEE JIMENEZ, MICHELLE JONES, ALAINA KELLY, WILLIAM KELLY, BRIAN KETTERING, YVETTE KETTERING, REBECCA KNEPPER, KASH KNUDSON, CHELSEA LAURENT, NICHOLAS LAWLOR, TIFFANI LAWYER, RUTH LEGASPI, DELANE LEIVAS, JUDITH LEYN, MICHAEL LJUBIC, ARLA LONCAR, BLAKE LONCAR, LETICIA LUNA, KELCY MAIO, ASHLEY MANSPERGER, ADAM MATZ, CHRIS W. MURRAY, ANA NUNEZ, LUIS NUNEZ, ARIEL ONTMAN, LESLIE PAIZ, ROCKY PALERMO, SALLY PALMER, HALEY PANNO, KENDALL QUIROZ, LYNNE REICK, JASARA REQUEJO, SAUL RODRIGUEZ, CLAUDIA ROMERO, HARRY ROMERO, ANNA ROSS, AMANDA RUMBLE, ERIC RYMER, JUSTINE SALAS, JANAE SAMBRANO, JANET SEEGER, MAGEE SEGAL, TOMMIE SERRANO, STEPHANIE SMARKER, PARKER STEVENS, STEVE STEWART, SHANDI STRONG, NICHOLAS SWARTZ, YVETTE SWARTZ, JANELLE TERKEURST, EVAN TILLEMA, ALFREDO TOLEDO, JOHNNY TOSCANO, RHONDA TRASK, HAMIDA TRUJILLO, LIGIA URIARTE, NATHALIE VANDERSTAY, AMANDA WECHSLER, STACY WILBANKS, ANNA WILLIAMS, JOSEPH WILLIAMS, JAMES WILLIAMSON, MCKAYLA WILSON, BRETT YEAKEL,

Case No. 2:18-cv-06113-JAK (FFM)
DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

SHANNON ZEEMAN, SHARLA ZOTEA (collectively, the "Victims"), by and through their attorneys of record, Mark P. Robinson, Jr. and Daniel S. Robinson of the law firm Robinson Calcagnie, Inc., and respectfully submit this Motion to Dismiss Plaintiffs Mandalay Bay, LLC f/k/a Mandalay Corp.; Mandalay Resort Group; MGM Resorts Festival Grounds, LLC; MGM Resorts Venue Management, LLC; and MGM Resorts International's (hereinafter, collectively "MGM") Complaint seeking declaratory relief for a declaration of non-liability [ECF No. 1].

Dismissal is appropriate under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) because this Court lacks subject matter jurisdiction over MGM's Declaratory Relief Action on the grounds that (i) there is no pending case or controversy between MGM and Defendants; (ii) MGM's Complaint is improper under 28 U.S.C. § 2201; and (iii) MGM has not timely or properly served a majority of the victims named as Defendants as required under FRCP 12(b)(4) and (5).[1]  Finally, this Motion is based upon the following memorandum of points and authorities, and any oral argument and evidence presented and considered by this Court at any hearing of this Motion.

Dated: October 16, 2018          **ROBINSON CALCAGNIE, INC.**

*/s/ Daniel s. Robinson*
Mark P. Robinson, Jr., SBN 54426
Daniel S. Robinson, SBN 244245
19 Corporate Plaza Drive
Newport Beach, CA 92660
(949) 720-1288; Fax (949) 720-1292
mrobinson@robinsonfirm.com
drobinson@robinsonfirm.com

*Attorneys for Defendants*
ANDREA ABRAMS, DANIEL ABRAMS,
LEANNE ALTAMIRANO, JOANNA
ALVAREZ, JENNIFER APARICIO,
SHARMEN BADUA-MURRAY, SHANNON
BALAS, JASMINE BARBUSCA, ASHLEY
BECKER, ANNALISE BELMARES,
MEGHAN BELMARES, JONATHAN

---

[1] A list of victims named as Defendants who the Victims' counsel presently believe have never been served and/or were defectively served is attached hereto as Exhibit A.  This list is not an exhaustive list, as the Victims' counsel believe other Victims were not served, as further described in the memorandum of points and authorities.

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

| | |
|---|---|
| 1 | BELTRAN, AMANDA BOBB, MICHAEL |
| | BRADLEY, STEVEE BRANCATO, JOHN |
| 2 | BUI, LYNZEE CAMPBELL, KAREN |
| | CANADA, BRITTNIE NICOLE CARDENAS, |
| 3 | ELIZABETH CARVALHO, CONNOR |
| | CASAREZ, CHRISTOPHER CAYWOOD, |
| 4 | KASANDRA CAYWOOD, KERI CESARIO, |
| | ROBERT CESARIO, KRISTI |
| 5 | CHRISTENSEN, KATHLEEN CONTI, |
| | TYLER CRAIG, BRENDA CRANE, |
| 6 | JENNIFER CUEVAS, ADRIANNA CULLER, |
| | KYLE DAVID, VANESSA DIPOLITO, |
| 7 | ROBYN DOBBS, ELYSE DONNELLY, |
| | JESSICA DOVALINA, GENA ELFELT, |
| 8 | STACI ELLIS, STEVE ENCINIAS, |
| | MELISSA FIERRO, DANIEL FLORES, |
| 9 | AMANDA FROST, STEPHANIE |
| | GALLEGOS, TRISTI GLOVER, ALESHA |
| 10 | GONZALEZ, JENNIFER GRIMM, GABRIEL |
| | GUERRERO, TRISHA GUERRERO, LARRY |
| 11 | HAYDEN, BRANDON HELMICK, |
| | KRISTINE HENDERSON, WHITNEY |
| 12 | HINNANT, TAMMY HISCOX GURULE, |
| | KENDRA HOBBS, KATHERINE HOEY, |
| 13 | LISA HOLGUIN, BRENDAN HOOLIHAN, |
| | DEBRA HUDSON, JULIE HUNTSINGER, |
| 14 | RENEE JIMENEZ, MICHELLE JONES, |
| | ALAINA KELLY, WILLIAM KELLY, |
| 15 | BRIAN KETTERING, YVETTE |
| | KETTERING, REBECCA KNEPPER, KASH |
| 16 | KNUDSON, CHELSEA LAURENT, |
| | NICHOLAS LAWLOR, TIFFANI LAWYER, |
| 17 | RUTH LEGASPI, DELANE LEIVAS, |
| | JUDITH LEYN, MICHAEL LJUBIC, ARLA |
| 18 | LONCAR, BLAKE LONCAR, LETICIA |
| | LUNA, KELCY MAIO, ASHLEY |
| 19 | MANSPERGER, ADAM MATZ, CHRIS W. |
| | MURRAY, ANA NUNEZ, LUIS NUNEZ, |
| 20 | ARIEL ONTMAN, LESLIE PAIZ, ROCKY |
| | PALERMO, SALLY PALMER, HALEY |
| 21 | PANNO, KENDALL QUIROZ, LYNNE |
| | REICK, JASARA REQUEJO, SAUL |
| 22 | RODRIGUEZ, CLAUDIA ROMERO, |
| | HARRY ROMERO, ANNA ROSS, |
| 23 | AMANDA RUMBLE, ERIC RYMER, |
| | JUSTINE SALAS, JANAE SAMBRANO, |
| 24 | JANET SEEGER, MAGEE SEGAL, |
| | TOMMIE SERRANO, STEPHANIE |
| 25 | SMARKER, PARKER STEVENS, STEVE |
| | STEWART, SHANDI STRONG, NICHOLAS |
| 26 | SWARTZ, YVETTE SWARTZ, JANELLE |
| | TERKEURST, EVAN TILLEMA, ALFREDO |
| 27 | TOLEDO, JOHNNY TOSCANO, RHONDA |
| | TRASK, HAMIDA TRUJILLO, LIGIA |
| 28 | URIARTE, NATHALIE VANDERSTAY, |

Case No. 2:18-cv-06113-JAK (FFM)

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

1    AMANDA WECHSLER, STACY
     WILBANKS, ANNA WILLIAMS, JOSEPH
2    WILLIAMS, JAMES WILLIAMSON,
     MCKAYLA WILSON, BRETT YEAKEL,
3    SHANNON ZEEMAN, SHARLA ZOTEA,

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

## **<u>TABLE OF CONTENTS</u>**

I.   INTRODUCTION ...................................................................................... 1

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................... 3

   A.  *Sheppard, et al. v. MGM* ................................................................ 4

   B.  Procedural History of the Declaratory Relief Actions ...................... 4

III. LEGAL ARGUMENT .............................................................................. 6

   A.  There is No Actual Case or Controversy Permitting this Court to Consider a Declaration of Non-Liability ................................................................ 8

   B.  This Court Should Decline to Exercise Jurisdiction Because Doing So Would be Inapposite to the *Brillhart* Factors ...................................................... 10

   C.  Fairness to the Litigants Counsels Against the Exercise of Jurisdiction .................... 12

IV.  CONCLUSION ...................................................................................... 19

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

## TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227 (1937)............................7

*Aktiebolaget Bofors v. United States*, 93 F. Supp. 134 (D.C. 1950) ........................18

*Allied-General Nuclear Services  v. Com. Edison Co.*, 675 F.2d 610 (4th Cir. 1982) ...............................................................................................18

*Amerada Petroleum Corporation v. Marshall*, 381 F.2d 661 (5th Cir. 1967)..........18

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005)..............10

*AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004)...............................................18

*Avco Corp. v. Cherry*, 2008 U.S. Dist. LEXIS 100905, CCH Prod. Liab. Rep. P18147 (E.D. Va. Dec. 15, 2008) ............................................................14

*BASF Corp v. Symington*, 50 F.3d 555 (8th Cir. 1995).......................................13, 18

*Bell v. Hood*, 327 U.S. 678 (1946) .............................................................................6

*Board of Reg. for Northwest Missouri State Univ. v. MSE Corp.*, 1990 U.S. Dist. LEXIS 17344 (W.D. Mo. Nov. 20, 1990) ............................................14

*Bou-Matic LLC v. Ollimac Diary Inc.*, 2007 U.S. Dist. LEXIS 76137 (E.D. Cal. Sept. 28, 2007) .......................................................................12, 16

*Bowling v. Hasbro, Inc.*, 403 F3d 1373, 1376 (Fed. Cir. 2005).................................19

*Buchanan v. Greene*, 1998 U.S. Dist. LEXIS 5505 (D. Kas. March 12, 1998)........14

*Certain Underwriters at Lloyd's v. A&D Interests, Inc.*, 197 F. Supp. 2d 741 (S.D. Tex. 2002).......................................................................................14

*Chicago Metallic Mfg. Co. v. Edward Katzinger Co.*, 123 F.2d 518 (7th Cir. 1941) ...............................................................................................15

*Clark Equip. Co. v. Greyhound Corp.*, 1990 U.S. Dist. LEXIS 5632 (N.D. Ill. May 10, 1990) ....................................................................................14

*Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969) .......................passim

*Dann Marine Towing v. St. Paul Fire & Marine Ins.*, No. CIV.A.2:01-2766-18, 2002 U.S. Dist. LEXIS 28384 (D. S.C. Apr. 23, 2002) .......................14

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

1    *Douglas v. Don King Prods., Inc.*, 736 F. Supp. 223 (D. Nev. 1990)......................13

2    *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 394, 2002 U.S. Dist. LEXIS

3         19516 (S.D.N.Y. 2002)................................................................................14

4    *E. Edelmann & Co. v. Triple-A  Specialty Co.*, 88 F.2d 852  (7th Cir. 1937)...........13

5    *Friedman v. Geller*, 925 F. Supp. 611 (E.D. Wis. 1996) .........................................13

6    *Frito-Lay, Inc. v. Dent*, 373 F. Supp. 771 (N.D.Miss.1974) ....................................18

7    *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) ......................7, 8, 10

8    *Great-West Life & Annuity Co. v. Petro Stopping Ctrs., L.P.*, 2001 U.S. Dist. LEXIS

9         21051 (N.D. Tex. Dec. 18, 2001) ...............................................................14

10   *Gribin v. Hammer Galleries, a Div. of Hammer Holding, Inc.*, 793 F. Supp. 233

11        (C.D. Cal. 1992)..........................................................................................16

12   *Gulas & Stuckey, P.C. v. Hendelson*, 2008 U.S. Dist. LEXIS 128586 (S.D. Fla. Dec.

13        17, 2008) .....................................................................................................14

14   *Hanes Corp. v. Millard*, 531 F.2d 585 (D.C. Cir. Ct. App. 1976) .....................14, 18

15   *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575 (10th Cir. 1991)............................7

16   *Humphries v. Eighth Judicial Dist. Court of State*, 129 Nev. 788 (2013) ...............11

17   *Humphries v. N.Y.-New York Hotel & Casino*, 403 P.3d 358 (Nev. 2017)..............11

18   *Inland Dredging v. Sanchez*, 468 F.3d 864 (5th Cir. 2006) .....................................14

19   *Karsjens v. Jesson*, 6 F. Supp. 3d 958 (D. Minn. 2014)............................................14

20   *Mack v. Dillon* 594 F3d 620, 622 (8th Cir. 2010) ....................................................19

21   *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941).............................9

22   *McDonald's Corp. v. Tomy Kogyo Co.*, 1987 U.S. Dist. LEXIS 4528 (N.D. Ill. June

23        3, 1987) .......................................................................................................14

24   *Merrill Iron & Steel, Inc. v. Blaine Constr. Corp.*, No. 14-221, 2014 U.S. Dist.

25        LEXIS 89932 (W.D. Pa. July 2, 2014).......................................................14

26   *Morcote v. Oracle Corp.*, No. C-05-0386 JCS, 2005 WL 3157512 (N.D. Cal. Nov.

27        23, 2005) .....................................................................................................16

28   *Morrison v. Parker*, 90 F. Supp. 2d 876 (W.D. Mich. 2000).................13, 14, 15, 18

*Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.*, No. 02 CV 10338, 2003 U.S. Dist. LEXIS 9193 (S.D.N.Y. June 2, 2003 .......................................................... 14

*National Union Fire Ins. Co. v. Karp*, 108 F.3d 17 (2nd Cir. 1997) ........................ 10

*Northland Ins. Co. v. Gray*, 240 F. Supp. 2d 846 (N.D. Ind. 2003) .......................... 14

*O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F3d 948, 952 (7th Cir. 2000) ......... 19

*Principal Life Ins. Co. v. Robinson*, 394 F.3d 665 (9th Cir. 2005) ..................... 8, 10

*Rothman v. City of Chicago*, 2003 U.S. Dist. LEXIS 8376 (N.D. Ill. May 16, 2003) ................................................................................................................. 14

*Sarafin v. Sears, Roebuck &Co.*, 446 F. Supp. 611 (N.D. Ill. 1978) ........................ 14

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d (5th Cir. 2003) ........................ 10

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950 .................................. 7

*St. Paul Fire & Marine Ins. Co. v. Tug E. Coast*, 2002 U.S. Dist. LEXIS 15786 (E.D. La. Aug. 20, 2002) ...................................................................................... 14

*State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994) .............. 10

*States Steamship Company v. Featherstone*, 240 F. Supp. 830 (D. Or. 1965) ......... 18

*Stradley, Ronon, Stevens & Young, LLP v. Sovereign Bank, N.A.*, No. 12-2466, 2013 U.S. Dist. LEXIS 6276 (E.D. Pa. Jan 15, 2013) ................................................... 14

*Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F. Supp. 280.D.Pa.1952) ............................................................................................................. 15, 18

*Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1987) .... 18

*Torch, Inc. v. LeBlanc*, 947 F.2d 193 (5th Cir. 1991) ............................................... 14

*Trico Marine Operators v. Scott*, 1993 U.S. Dist. LEXIS 17834 (E.D. La. Dec. 14, 1993) ..................................................................................................................... 14

*Tucker Materials, Inc. v. Safesound Acoustics, Inc.*, 971 F. Supp. 2d 537, (2013) .. 18

*UNC Resources, Inv. v. Benally*, 518 F. Supp. 1046 (D. Ariz. 1981) ................. 14, 18

*Union Pac. R.R. v. Bhd. Of Locomotive Eng'rs & Trainmen*, 558 U.S. 67 (2009) .... 6

*United Ins. Co. of Am. v. Harris*, 939 F. Supp. 1527 (M.D. Ala. 1996) ....... 13, 14, 18

*United of Omaha Life Ins., Co. v. Region 19 Educ. Serv. Ctr.*, 2002 U.S. Dist.

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

LEXIS 10152 (N.D. Tex. June 4, 2002) ................................................................14

*United States v. Van Cauwenberghe*, 934 F.2d 1048 (9th Cir. 1991) ..........................6

*Vignola v. Gilman*, 804 F.Supp. 2d 1072 (D. Nev. 2011) ...........................................9

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ......................................................10

*Zapata Gulf Marine Service Corp. v. Corpus Christi Oil & Gas. Co.*, 1992 U.S. Dist. LEXIS 2408 (E.D. La. Feb. 28, 1992) .............................................................14

**Statutes**

28 U.S.C. § 2201 ................................................................................................passim

Cal. Civ. Code § 415.20 ...........................................................................................19

FRCP 12(b) .........................................................................................................6, 9

FRCP 19(a) ...........................................................................................................12

FRCP 4(b) ...............................................................................................................8

FRCP 4(m) ............................................................................................................19

**Other Authorities**

10A Wright, Miller & Kane, Federal Practice and Procedure § 2760 (2nd ed. 1983) ..........................................................................................................................18

NRS 11.190(4)(e) ...................................................................................................17

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

After experiencing the worst mass shooting in modern American history, Defendants ANDREA ABRAMS, DANIEL ABRAMS, LEANNE ALTAMIRANO, JOANNA ALVAREZ, JENNIFER APARICIO, SHARMEN BADUA-MURRAY, SHANNON BALAS, JASMINE BARBUSCA, ASHLEY BECKER, ANNALISE BELMARES, MEGHAN BELMARES, JONATHAN BELTRAN,  AMANDA BOBB, MICHAEL BRADLEY, STEVEE BRANCATO, JOHN BUI, LYNZEE CAMPBELL, KAREN CANADA, BRITTNIE NICOLE CARDENAS, ELIZABETH CARVALHO, CONNOR CASAREZ, CHRISTOPHER CAYWOOD, KASANDRA CAYWOOD, KERI CESARIO, ROBERT CESARIO, KRISTI CHRISTENSEN, KATHLEEN CONTI, TYLER CRAIG, BRENDA CRANE, JENNIFER CUEVAS, ADRIANNA CULLER, KYLE DAVID, VANESSA DIPOLITO, ROBYN DOBBS, ELYSE DONNELLY, JESSICA DOVALINA, GENA ELFELT, STACI ELLIS, STEVE ENCINIAS, MELISSA FIERRO, DANIEL FLORES, AMANDA FROST, STEPHANIE GALLEGOS, TRISTI GLOVER, ALESHA GONZALEZ, JENNIFER GRIMM, GABRIEL GUERRERO, TRISHA GUERRERO, LARRY HAYDEN, BRANDON HELMICK, KRISTINE HENDERSON, WHITNEY HINNANT, TAMMY HISCOX GURULE, KENDRA HOBBS, KATHERINE HOEY, LISA HOLGUIN, BRENDAN HOOLIHAN, DEBRA HUDSON, JULIE HUNTSINGER, RENEE JIMENEZ, MICHELLE JONES, ALAINA KELLY, WILLIAM KELLY, BRIAN KETTERING, YVETTE KETTERING, REBECCA KNEPPER, KASH KNUDSON, CHELSEA LAURENT, NICHOLAS LAWLOR, TIFFANI LAWYER, RUTH LEGASPI, DELANE LEIVAS, JUDITH LEYN, MICHAEL LJUBIC, ARLA LONCAR, BLAKE LONCAR, LETICIA LUNA, KELCY MAIO, ASHLEY MANSPERGER, ADAM MATZ, CHRIS W. MURRAY, ANA NUNEZ, LUIS NUNEZ, ARIEL ONTMAN, LESLIE PAIZ, ROCKY PALERMO, SALLY PALMER, HALEY PANNO,

1   KENDALL QUIROZ, LYNNE REICK, JASARA REQUEJO, SAUL RODRIGUEZ,

2   CLAUDIA ROMERO, HARRY ROMERO, ANNA ROSS, AMANDA RUMBLE,

3   ERIC RYMER, JUSTINE SALAS, JANAE SAMBRANO, JANET SEEGER,

4   MAGEE SEGAL, TOMMIE SERRANO, STEPHANIE SMARKER, PARKER

5   STEVENS, STEVE STEWART, SHANDI STRONG, NICHOLAS SWARTZ,

6   YVETTE SWARTZ, JANELLE TERKEURST, EVAN TILLEMA, ALFREDO

7   TOLEDO, JOHNNY TOSCANO, RHONDA TRASK, HAMIDA TRUJILLO,

8   LIGIA URIARTE, NATHALIE VANDERSTAY, AMANDA WECHSLER, STACY

9   WILBANKS, ANNA WILLIAMS, JOSEPH WILLIAMS, JAMES WILLIAMSON,

10  MCKAYLA WILSON, BRETT YEAKEL, SHANNON ZEEMAN, SHARLA

11  ZOTEA (collectively, the "Victims") must now defend themselves from a preemptive

12  legal attack launched by a multibillion dollar corporation that seeks to avoid any-and-

13  all responsibility for their role in causing this horrific tragedy.  Plaintiffs Mandalay

14  Bay, LLC f/k/a Mandalay Corp.; Mandalay Resort Group; MGM Resorts Festival

15  Grounds, LLC; MGM Resorts Venue Management, LLC; and MGM Resorts

16  International (collectively, "MGM") demand declaratory judgment of non-liability

17  from this Court by asserting anticipatory defenses to personal injury claims that have

18  not yet been filed.

19          The Victims move to dismiss the underlying action and respectfully request

20  that this Court deny MGM's Complaint for declaratory relief for the reasons outlined

21  herein.  First, there is no actual case or controversy permitting this Court to consider

22  a declaration of non-liability under the Uniform Declaratory Judgment Act.  Second,

23  even if this matter were ripe for consideration, this Court should decline to exercise

24  jurisdiction because doing so would require the Court to interpret novel issues of state

25  law, encourage forum shopping, and result in duplicative litigation.  Next, even if this

26  Court decides it has jurisdiction over this matter, it should decline to exercise that

27  jurisdiction in the interest of fairness to the Defendants.  Lastly, the Victims request

28  that the Court dismiss MGM's demand for declaratory relief against any and all

victims named as Defendants not served in accordance with Federal Rules of Civil Procedure ("FRCP") 4(b)(4) and (5) because there was insufficient service of process of the complaint and/or it was not timely served upon those victims within 90 days.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The victims named as Defendants in this Action are the survivors and/or relatives of those that perished on October 1, 2018.  On that night, fifty-eight people died, hundreds were physically hurt, and thousands more sustained emotional trauma when MGM permitted a VIP guest to stage an attack from the 32nd floor of his hotel room at the Mandalay Bay (hereinafter the "1 October Shooting").   MGM's negligence, particularly the Mandalay Bay, allowed a VIP guest the time and opportunity needed to prepare and carry out his attack on the music festival adjacent to the Mandalay Bay.

In the days leading up to the shooting, MGM negligently permitted an MGM VIP guest, who stayed alone the entire time, to (1) check into an adjoining suite using only his girlfriend's identification and without her being present; (2) place a "Do Not Disturb" sign for several days limiting reasonable access to his room; (3) access private service elevators not normally available to the public; (4) bring in excess of two dozen bags of weapons, including twenty-two assault rifles, and thousands of rounds of ammunition to his music festival-facing suites, that he specifically requested, with the personal assistance of hotel employees; (5) install hallway surveillance cameras, in and outside of his rooms, and barricade a hallway exit door, amongst other things; and (6) setup a sniper's nest in his hotel suites with a cache of automatic firearms, bump stocks, and thousands of rounds of ammunition.

In the many months that followed, the victims sought medical treatment for their physical and/or emotional injuries.  Many of the victims will require treatment, counseling, and/or rehabilitation for an indeterminate period of time as a result of the 1 October Shooting.  Some victims sought legal representation to help them navigate through various issues resulting from the shooting, ranging from probate matters,

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

charitable aid, and state funding programs.  MGM has conflated the fact that attorneys representing these victims with these matters told MGM not to contact their clients with what MGM describes as "threatened litigation."  Other victims chose to move past the tragedy, only to find themselves sued by MGM and served on the eve of the one-year anniversary of the 1 October Shooting.

### A.  *Sheppard, et al. v. MGM*

Eight victims, not named in this litigation, filed the *Sheppard v. MGM* (Case No. 2:18-cv-01120-RFB-VCF) lawsuit against MGM in the Eighth Judicial District Court for Clark County, Nevada, in February 2018.  The operative First Amended Complaint was filed on June 4, 2018.  MGM removed the case to the Nevada District Court on June 22, 2018, under 28 U.S.C. § 1441(a) claiming that the Support Anti-terrorism by Fostering Effective Technologies Act of 2002, 6 U.S.C. §§ 441-444 (the "SAFETY Act") creates an exclusive federal cause of action applicable to the plaintiffs' claims in *Sheppard*.  The *Sheppard* plaintiffs promptly filed a Motion to Remand on June 29, 2018, on the grounds that the SAFETY Act protections do not apply to MGM.  On September 21, 2018, the parties appeared before the Honorable Richard F. Boulware II to present oral argument on the Motion to Remand.  After three hours of argument, Judge Boulware ordered limited jurisdictional discovery. Specifically, Judge Boulware ordered MGM to produce certain documents no later than Friday, October 12, 2018, and, if plaintiffs wanted to take any FRCP 30(b)(6) depositions, they must be completed by November 20, 2018. Judge Boulware will issue a ruling on the Motion to Remand, deciding specifically whether the SAFETY Act applies to insulate MGM from liability, shortly after the limited jurisdictional discovery is completed.  The SAFETY Act issue present in *Sheppard* is precisely the same as the SAFETY Act issue presented in this Action and each of the other eight Declaratory Relief Actions filed by MGM.

### B. Procedural History of the Declaratory Relief Actions

Approximately three months before the one-year anniversary of the 1 October

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

1  Shooting, MGM filed complaints across the country naming thousands of individuals

2  in a preemptive bid to cloak themselves under the protections of an obscure anti-

3  terrorism law passed in the wake of 9/11.[2]  A total of nine complaints were filed by

4  MGM in the following federal districts: Alaska, Arizona, Central District of

5  California, Western District of California, Southern District of Florida, Nevada,

6  Southern District of New York, Southern District of Texas, and Utah.[3]  MGM

7  admitted it filed these actions in an attempt to create an MDL.[4]  On October 3, 2018,

8  the Judicial Panel on Multidistrict Litigation ("Panel") issued an order denying

9  MGM's Motion to Transfer and Centralize.[5]

10      Relevant to the action here, MGM filed a one-count complaint seeking

11  declaratory relief naming approximately 845 individual victims as Defendants.  *See*

12  Complaint, ECF No. 1.  Ostensibly, MGM alleges that the victims were injured

13  because "they remained in the line of fire at the concert." *See* ECF No. 1 ¶ 856.

14      Upon information and belief, MGM began issuing summons for this case on or

15  around September 13, 2018, just two weeks before the one-year anniversary of the 1

16  October Shooting.  MGM initially (and improperly) attempted to effectuate service

17  by emailing "Proofs of Service" to attorneys that sent them preservation letters.  MGM

18  then offered to "donate" $500 to the respective victim's charity of choice if counsel

19  agreed to accept service.   Defendant Magee R. Segal was served on September 15,

20

21  _____

22  [2] The Victims dispute MGM's claims that the SAFETY Act confers subject matter
    jurisdiction to this Court and intends to file briefing specifically with regard to this
23  issue at a later date.

24  [3] *See* Case Nos. 2:18-cv-01288 (Nevada); 2:18-cv-06113 (California) 3:18-cv-00168
    (Alaska);  2:18-cv-02250  (Arizona);  2:18-cv-06197  (California);  1:18-cv-22883
25  (Florida);  1:18-cv-06451  (New York);  4:18-cv-02465  (Texas);  and  2:18-cv-00567
    (Utah).

26  [4] *See* Ex. B [July 17, 2018 Twitter Posting by MGM's SVP Debra DeShong].
    [5] *See* Ex. D [Order Denying MGM's Motion to Transfer and Centralize pursuant to
27  28 U.S.C. § 1407].

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

1  2018.[6]  The Victims now move for dismissal of this Complaint on the grounds that

2  this Court does not have subject matter jurisdiction over MGM's claim.

3  **III.   LEGAL ARGUMENT**

4         MGM's Complaint for Declaratory Relief must be dismissed under FRCP 12

5  (b)(1) for lack of subject matter jurisdiction. "Subject-matter jurisdiction properly

6  comprehended . . . refers to a tribunal's power to hear a case."[7]  Lack of subject matter

7  jurisdiction under FRCP 12(b)(1) is an entirely different issue than whether MGM has

8  stated claims on which relief can be granted.[8]  Here, MGM cannot satisfy the most

9  basic element of its Declaratory Relief Action – the existence of a "case of actual

10 controversy" – and, thus, dismissal under FRCP 12 (b)(1) is appropriate.[9]

11        The Declaratory Judgment Act (hereinafter the "Act") is found in 28 U.S.C. §

12 2201(a), and states as follows:

13

14 [6]As of the filing of this Motion, Plaintiffs have yet to file proofs of service in this case for every Defendant, or service appears to be effectuated improperly.  Thus, counsel

15 for Defendants are unable to ascertain if the parties to this action they represent were properly served.  It appears as though service is improper for numerous reasons,

16 including invalid service by mail or improper personal service.  Simply put, whether service of process was effectuated properly under the FRCP, for each of the

17 Defendants named in this action, remains unclear.  To the extent, service of process was invalid under FRCP 12(b)(4) or (5), Defendants, each of them, reserves the right to file supplemental briefs addressing this defect in service.

18
[7] *Union Pac. R.R. v. Bhd. Of Locomotive Eng'rs & Trainmen*, 558 U.S. 67, 82 (2009)

19 (internal quotations omitted).

20 [8] *See Bell v. Hood*, 327 U.S. 678, 681-682 (1946) (discussing the differences between the analysis as to whether the facts alleged support a claim for relief and the analysis

21 for lack of jurisdiction).

22 [9] The Victims are of the position that this Court also lacks subject matter jurisdiction over this action on the grounds that the SAFETY Act does not apply to MGM; and

23 thus, MGM has failed to state a federal question.  This SAFETY Act issue has been extensively briefed in *Sheppard v. MGM*, Case No. 2:18-cv-01120-RFB-VCF

24 (Nevada).   Judge Richard Boulware ordered limited jurisdictional discovery, including the production of certain documents by MGM to be completed no later than

25 October 12, 2018; and, if the *Sheppard* plaintiffs desire, FRCP 30(b)(6) depositions to be completed no later than November 20, 2018. Under the doctrine of *res judicata*,

26 any ruling by Judge Boulware on the motion to remand in *Sheppard* would preclude MGM's SAFETY Act arguments in any other case, including the one at issue here.

27 *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1059 (9th Cir. 1991) (stating that "the principles of *res judicata* apply to the determination of subject matter

28 jurisdiction.)   Moreover, diversity jurisdiction is lacking because an amount in controversy sufficient to confer diversity jurisdiction is not alleged.

> In a case of actual controversy within its jurisdiction . . . any court of
> the United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could be
> sought. Any such declaration shall have the force and effect of a final
> judgment or decree and shall be reviewable as such.

Under this provision, "a lawsuit seeking declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution."[10]   A "controversy" under the Declaratory Judgment Act "must be one that is appropriate for judicial determination" and not a hypothetical or abstract controversy.[11]   "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests."[12]

Moreover, 28 U.S.C. § 2201 does not create federal jurisdiction.  A suit brought under this section must meet the jurisdictional requirements for a case in federal court either through diversity jurisdiction or federal question jurisdiction.[13]   The *Skelly* Court stated:

> It would turn into the federal courts a vast current of litigation
> indubitably arising under State law, in the sense that the right to be
> vindicated was State-created, if a suit for a declaration of rights could be
> brought into the federal courts merely because an anticipated defense
> derived from federal law.
> . . .
> To sanction suits for declaratory relief as within the jurisdiction of the
> District Courts merely because, as in this case, artful pleading anticipates
> a defense based on federal law would contravene the whole trend of
> jurisdictional legislation by Congress, disregard the effective functioning
> of the federal judicial system and distort the limited procedural purpose
> of the Declaratory Judgment Act.[14]

---

[10] *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239-240 (1937)).

[11] *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242 (1937) (internal citations omitted).

[12] *Id.* (internal citations omitted).

[13] *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673-674 (1950) (superseded by statute on other grounds by *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 577 (10th Cir. 1991)).

[14] *Id.* (internal citations omitted).

Case No. 2:18-cv-06113-JAK (FFM)

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

A district court has the discretion to determine whether it is appropriate to entertain a declaratory relief action brought under 28 U.S.C. § 2201.[15] The Declaratory Judgment Act is permissive, not mandatory.[16]

Based on established precedent, this Court should decline to exercise jurisdiction. Firstly, there is no actual case or controversy because no Defendants named in this lawsuit have any pending actions against MGM. Secondly, even if this Court were to find the existence of an actual current case and controversy, it should decline to exercise jurisdiction because doing so would require the interpretation of novel issues of state law, encourage forum shopping, and result in duplicative litigation. Third, even if this Court were to exercise discretion in this matter, fairness to the Victims counsels against the exercise of jurisdiction. Finally, the Victims request that the Court dismiss MGM's Complaint for declaratory relief against any and all victims named as Defendants not served in accordance with FRCP 4(b)(4) and (5), because there was insufficient service of process of the Complaint and it was not timely served upon those victims within 90 days.

For the reasons discussed in detail below, Defendants respectfully request that this Court dismiss MGM's First Amended Complaint.

### A.   There is No Actual Case or Controversy Permitting this Court to Consider a Declaration of Non-Liability

A lawsuit seeking federal declaratory relief must first present an actual case or controversy. "The requirement that a case or controversy exist under the Act is identical to Article III's constitutional case or controversy requirement. **If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction**."[17]   To establish that a given action is ripe, plaintiffs

---

[15] *Dizol*, 133 F.3d at 1223.

[16] *Id.*

[17] *Principal Life Ins. Co.*, 394 F.3d 665, 669 (9th Cir. 2005) (emphasis added).

must show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[18] A court cannot grant declaratory relief if the dispute between the parties is hypothetical or the rights at issue are merely speculative.[19]  The parties must present a dispute that is "definite and concrete."[20]

Here, there is no actual case or controversy between the parties to this action because there are no pending lawsuits by any of the victims named in the operative complaint. Any previously filed litigation has already been dismissed against MGM.[21] MGM cannot point to any cases currently pending before courts in any jurisdiction between them and any of the named Victims.  Instead, MGM merely speculates that numerous lawsuits *may* be filed based on the mere fact that the Victims retained legal representation following the 1 October Shooting.  MGM was notified that certain Victims had retained counsel through representation letters informing MGM of its duty to preserve evidence.  The representation letters from counsel also indicated that there may be an investigation into potential claims against MGM arising out of the 1 October Shooting. MGM presents no other factual allegations, other than mere resuscitations and conclusory statements, that it believes the Defendants will file lawsuits in the future.

As MGM only speculates Defendants will be filing suit, it would be mere conjecture for this Court to conclude there is a current case and controversy.  Absent an actual case or controversy, jurisdiction is lacking and MGM's complaint should be dismissed under FRCP 12(b)(1).

---

[18] *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941).

[19] *Vignola v. Gilman*, 804 F.Supp. 2d 1072 (D. Nev. 2011).

[20] *Id.*

[21] *See* ECF No. 1 at ¶ 7.

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

### B.   This Court Should Decline to Exercise Jurisdiction Because Doing So Would be Inapposite to the *Brillhart* Factors

Federal district courts have discretion in determining whether it is appropriate to entertain a declaratory relief action brought under 28 U.S.C. § 2201.[22]  Indeed, the Supreme Court noted, and the Ninth Circuit similarly recognized, that "district courts possess discretion in determining whether and when to entertain an action under the [Act], even when the suit otherwise satisfies subject matter jurisdiction prerequisites."[23]

The Ninth Circuit recognizes three factors, referred to as the *Brillhart* factors, that govern district courts' allowance of a declaratory judgment action: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation.[24]  "The *Brillhart* factors remain the philosophic touchstone for the district court."[25]  Almost every circuit has interpreted and adopted the *Brillhart* factors when considering whether a declaratory judgment action should be permitted to move forward.[26]

Here, the *Brillhart* factors weigh heavily against the Court's exercise of jurisdiction. First, novel issues of state law will most certainly be decided in these cases.  In fact, in order to determine the applicability of the SAFETY Act, it is necessary to determine whether any potential claims brought by the Defendants are

---

[22] *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).

[23] *Dizol*, 133 F.3d at 1223 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289, 132 L. Ed. 2d 214, 115 S. Ct. 2137 (1995)).

[24] *Dizol*, 133 F.3d at 1223-25; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

[25] *Dizol*, 133 F.3d at 1225.

[26] *See National Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 22-23 (2nd Cir. 1997); *see also Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389-92 (5th Cir. 2003); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994); *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005).

Case No. 2:18-cv-06113-JAK (FFM)

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

"**proximately caused** by sellers that provide qualified anti-terrorism technology." (emphasis added.)   The issue of proximate cause necessarily raises the issue of Mandalay Bay's negligence and liability under NRS Chapter 651.150, Nevada's innkeeper statute.   These issues include all of the facts surrounding the activities of the Shooter at Mandalay Bay in the week leading up to the 1 October Shooting and Mandalay Bay's utter failure to recognize the risks posed by the Shooter.  These issues will also include the foreseeability argument based upon a prior similar incident at the Mandalay Bay in which a guest had numerous firearms and pointed a high-powered rifle with a scope at the Las Vegas strip from Mandalay Bay hotel room.  The Nevada Supreme Court has issued decisions over the last decade shaping innkeeper liability laws, particularly with regard to foreseeability, and involving an MGM property.[27] MGM cannot credibly claim that this case will not address these novel issues of state law.  Federal courts should not be needlessly called upon to determine some novel or unsettled issue of state law.  This Court should decline to exercise jurisdiction for that reason alone.

Second, there is clear evidence of MGM's attempts at forum shopping.  Public statements made by MGM's Senior Vice President, Debra DeShong, through its official Twitter account provide unequivocal evidence of Plaintiffs' desire to find a favorable forum, admitting it brought these actions for a "change of venue from state to federal court."[28]  This action was not only filed for the purpose of forum shopping, it was also filed by MGM as part of its attempt to manufacture an MDL.   On September 27, 2018, the Panel heard argument on MGM's Motion to Transfer and

---

[27] *See e.g. Humphries v. Eighth Judicial Dist. Court of State*, 129 Nev. 788, 312 P.3d 484 (2013); and *Humphries v. N.Y.-New York Hotel & Casino*, 403 P.3d 358 (Nev. 2017) (interpreting NRS 651.015(3)(b) foreseeability based on notice or knowledge of "[p]rior incidents of similar wrongful acts," NRS 651.015(3)(b), requires a case-by-case analysis of similar wrongful acts, including, without limitation, the level of violence, location of attack, and security concerns implicated

[28] *See* Ex. B.

Case No. 2:18-cv-06113-JAK (FFM)

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

Centralize this case, along with the other eight declaratory relief actions, and the four tort actions into an MDL.   During that hearing, counsel for MGM stated the Declaratory Relief Actions represent MGM's "desire to be in federal court."[29]   A statement, such as that made by MGM's Senior Vice President, and MGM's counsel, are express admissions that the Declaratory Relief Actions were filed preemptively "to lay venue in the form of [MGM's] choice."[30]

Third, this case will result in duplicative litigation as MGM filed nine separate complaints in federal courts across the country.  Rather than filing a single declaratory relief action naming all victims in a single complaint, MGM purposefully chose to file multiple lawsuits in different states asking for identical relief in each jurisdiction.  If MGM insists on moving forward with these Declaratory Relief Actions, arguably all of the victims should be named in a single action as they are necessary parties under FRCP 19(a) because they all could potentially "claim[] an interest relating to the subject of [this] action" and disposing of this action in their absence would "as a practical matter impair or impede [their] ability to protect [their] interest."[31]  In the event this Court does not dismiss this case, it would be appropriate to issue an order, pursuant to FRCP 19(a)(2) requiring that all victims be named to a single action.

After a careful review of all the *Brillhart* factors, this Court should decline to exercise jurisdiction and dismiss MGM's operative complaint.

**C.      Fairness to the Litigants Counsels Against the Exercise of Jurisdiction**

The Declaratory Judgment Act does not expressly prohibit the Court from

---

[29] *See* Ex. C [Transcript of Sept. 27, 2018 Proceedings in JPML 2864] at 6:11-13.

[30] *Bou-Matic LLC v. Ollimac Diary Inc.*, 2007 U.S. Dist. LEXIS 76137, *15 (E.D. Cal. Sept. 28, 2007) (finding that the defendant's letter stating that the complaint at issue was filed for the purposes of establishing basics as to the issues that might be involved in potential litigation and where those issues will be adjudicated constituted an express admission of the intent to forum shop).

[31] FRCP 19(a)(1)(B)(ii).

hearing certain tort actions.[32]  However, courts that have addressed this issue have almost uniformly concluded that declaratory relief is inappropriate for personal injury claims.[33]  Declaratory relief actions are not to be used as tools to compel potential plaintiffs in a negligence case to litigate their claims at a time and in a forum of the tortfeasor's choosing.[34]  Utilizing 28 U.S.C. § 2201 in this way is inappropriate, especially in run-of-the-mill negligence actions.[35]

"The primary purpose of the Act is 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued.'"[36]  The Victims already suffered irreparable damages as a result of the 1 October Shooting. They have incurred costs of medical treatment and have lost wages as a result of the inability to work following the incident.  The Victims have lost loved ones.  The damage has already been done.  MGM cannot avoid the accrual of those damages through the instant Declaratory Relief Action.  Accordingly, this action fails to meet the stated "primary purpose" for such a case; and thus, must be dismissed.

In addition, federal courts have historically resisted declaratory judgment actions brought by "putative tortfeasors . . . seeking a declaration that the injured parties cannot recovery by reason of certain state law affirmative defenses."[37]

*Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969) is a seminal

---

[32] 28 U.S.C. § 2201.

[33] *United Ins. Co. of America v. Harris*, 939 F. Supp. 1527, 1534-35 (M.D. Ala. 1996); *Douglas v. Don King Prods., Inc.*, 736 F. Supp. 223, 225 (D. Nev. 1990); *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969).

[34] *Friedman v. Geller*, 925 F. Supp. 611, 613 (E.D. Wis. 1996).

[35] *Id.*

[36] *Cunningham Bros. Inc.*, 407 F.2d at 1167-68 (quoting *E. Edelmann & Co. v. Triple-A Specialty Co.*, 88 F.2d 852, 854 (7th Cir. 1937).

[37] *Morrison v. Parker*, 90 F. Supp. 2d 876 (W.D. Mich. 2000); *BASF Corp v. Symington*, 50 F.3d 555 (8th Cir. 1995); *Cunningham Bros. Inc.*, 407 F.2d 1165 (quoting "it is not one of the purposes of the Declaratory Judgment Act to enable a prospective negligence action defendant to obtain a declaration of non-liability").

Case No. 2:18-cv-06113-JAK (FFM)

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

1  decision coming from the Seventh Circuit which many courts have followed, including

2  in California.[38]   In *Cunningham*, the Seventh Circuit considered a declaratory relief

3  action brought by a construction contractor seeking a finding of non-liability against

4  two employees for injuries the employees sustained while in the course and scope

5  of their employment under the contractor.[39]   Prior to the contractor filing the

6  declaratory relief action, the employees brought personal injury suits against the

7  contractor under Illinois state law.[40]   The employees alleged they sustained injuries

8

9  _____

10  [38] In fact, many jurisdictions have seen fit to follow the reasoning set forth in *Cunningham*. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193 (5th Cir. 1991); *see* also *Inland Dredging v. Sanchez*, 468 F.3d 864 (5th Cir. 2006); *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 2002 U.S. Dist. LEXIS 19516 (S.D.N.Y. 2002); *Certain Underwriters at Lloyd's v. A&D Interests, Inc.*, 197 F. Supp. 2d 741 (S.D. Tex. 2002); *Morrison v. Parker*, 90 F. Supp. 2d 876 (W.D. Mich. 2000); *UNC Resources, Inv. v. Benally*, 518 F. Supp. 1046 (D. Ariz. 1981); *United Ins. Co. of Am. v. Harris*, 939 F. Supp. 1527 (M.D. Ala. 1996); *Hanes Corp. v. Millard*, 531 F.2d 585 (D.C. Cir. Ct. App. 1976); *Northland Ins. Co. v. Gray*, 240 F. Supp. 2d 846 (N.D. Ind. 2003); *Sarafin v. Sears, Roebuck &Co.*, 446 F. Supp. 611 (N.D. Ill. 1978); *Karsjens v. Jesson*, 6 F. Supp. 3d 958 (D. Minn. 2014); *Nat'l Union Fire Ins. Co. v. Int'l Wire Group, Inc.*, No. 02 CV 10338, 2003 U.S. Dist. LEXIS 9193, 2003 WL 21277114 (S.D.N.Y. June 2, 2003); *Merrill Iron & Steel, Inc. v. Blaine Constr. Corp.*, No. 14-221, 2014 U.S. Dist. LEXIS 89932, 2014 WL 2993774 (W.D. Pa. July 2, 2014); *Stradley, Ronon, Stevens & Young, LLP v. Sovereign Bank, N.A.*, No. 12-2466, 2013 U.S. Dist. LEXIS 6276, 2013 WL 173022 (E.D. Pa. Jan 15, 2013); *Avco Corp. v. Cherry*, 2008 U.S. Dist. LEXIS 100905, CCH Prod. Liab. Rep. P18147 (E.D. Va. Dec. 15, 2008); *Dann Marine Towing v. St. Paul Fire & Marine Ins.*, No. CIV.A.2:01-2766-18, 2002 U.S. Dist. LEXIS 28384, 2002 WL 34455167 (D. S.C. Apr. 23, 2002); *St. Paul Fire & Marine Ins. Co. v. Tug E. Coast*, 2002 U.S. Dist. LEXIS 15786, 2002 WL 1906912 (E.D. La. Aug. 20, 2002); *United of Omaha Life Ins., Co. v. Region 19 Educ. Serv. Ctr.*, 2002 U.S. Dist. LEXIS 10152, 2002 WL 1285204 (N.D. Tex. June 4, 2002); *Great-West Life & Annuity Co. v. Petro Stopping Ctrs., L.P.*, 2001 U.S. Dist. LEXIS 21051, WL 1636413 (N.D. Tex. Dec. 18, 2001); *Trico Marine Operators v. Scott*, 1993 U.S. Dist. LEXIS 17834, 1993 WL 534087 (E.D. La. Dec. 14, 1993); *Zapata Gulf Marine Service Corp. v. Corpus Christi Oil & Gas. Co.*, 1992 U.S. Dist. LEXIS 2408, 1992 WL 46308 (E.D. La. Feb. 28, 1992); *Rothman v. City of Chicago*, 2003 U.S. Dist. LEXIS 8376, WL 21148180 (N.D. Ill. May 16, 2003); *Clark Equip. Co. v. Greyhound Corp.*, 1990 U.S. Dist. LEXIS 5632, 1990 WL 70517 (N.D. Ill. May 10, 1990); *McDonald's Corp. v. Tomy Kogyo Co.*, 1987 U.S. Dist. LEXIS 4528, 1987 WL 11843 (N.D. Ill. June 3, 1987); *Board of Reg. for Northwest Missouri State Univ. v. MSE Corp.*, 1990 U.S. Dist. LEXIS 17344, 1990 WL 212098 (W.D. Mo. Nov. 20, 1990); *Buchanan v. Greene*, 1998 U.S. Dist. LEXIS 5505, 1998 WL 184448 (D. Kas. March 12, 1998); *Gulas & Stuckey, P.C. v. Hendelson*, 2008 U.S. Dist. LEXIS 128586 (S.D. Fla. Dec. 17, 2008)).

27  [39] *Cunningham Bros., Inc.*, 407 F.2d at 1167.

28  [40] *Id.*

**DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF**

when a platform they were standing on collapsed.[41] After reviewing the allegations in the contractor's complaint, the District Court dismissed the action.[42] The court noted that:

> [The contractor] contends that the district court erred in dismissing the complaint since an action by a potential plaintiff should fall within the purpose of the Declaratory Judgment Act. Thus, instead of having to wait and be sued in different state and federal forums by the various injured parties, plaintiff argues that it should be allowed to bring them together in one action, along with the alleged indemnitor, and thereby adjudicate the rights of all the parties at one time and place.[43]

After reviewing the purpose of the Act, the court dismissed the declaratory relief action, holding:

> To allow a declaratory judgment action under the facts before us would be to allow a substitute for the traditional procedures for adjudicating negligence cases. We agree with the conclusion reached in *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F. Supp. 280, 282 (E.D.Pa.1952), aff'd (adopting opinion of district court), 203 F.2d 957 (3d Cir. 1953), that "it is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability." To so reverse the roles of the parties would affect more than merely the form of action, but would jeopardize those procedures which the law has traditionally provided to injured parties by which to seek judicial relief. Although "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate," FRCP 57, we hold that such relief is inappropriate in the instant case since "more effective relief can and should be obtained by another procedure." *Chicago Metallic Mfg. Co. v. Edward Katzinger Co.*, 123 F.2d 518, 520 (7th Cir. 1941).[44]

"Following *Cunningham*, the uniform approach of the federal courts is that declaratory relief is generally inappropriate when a putative tortfeasor sues the injured party for a declaration of nonliability."[45]

More recently, the United States District Court for the Central District of California expressly relied on the *Cunningham* decision in denying declaratory

---

[41] *Id.*

[42] *Id.*

[43] *Cunningham Bros. Inc.*, 407 F.2d at 1167.

[44] *Id.*, 407 F.2d at 1168.

[45] *Morrison v. Parker*, 90 F. Supp. 2d 876, 880 (W.D. Mich. 2000).

relief.[46]  In *Gribin*, the plaintiff sold a painting to the defendant, who planned to sell the painting to another buyer.  When the other buyer had an expert examine the painting, a determination was made that the painting was not authentic.   The plaintiff preemptively sued the defendant, after the defendant sought to rescind the purchase. After the plaintiff filed suit, the defendant sought dismissal arguing the plaintiff's action was an attempt to "deprive the plaintiff of his traditional choice of forum and timing."[47]

The court, in dismissing the complaint and relying on *Cunningham*, stated:

> On this record, the only potential harm to the Plaintiff is that he may have to defend a suit in New York, which will be more costly and difficult for him. However, this implicates the very principle behind the cases cited above: the allegedly aggrieved party is entitled to choose the time and place for suit.[48]

Here, MGM has stated its purpose of seeking a declaratory judgment of non-liability is solely because "Defendant has, through counsel, asserted or threatened to assert claims."[49]   And, similar to the defendant-victims in *Cunningham* and *Gribin*, MGM is clearly attempting to circumvent the procedures the law has traditionally provided to injured parties by which to seek judicial relief.  MGM brought this premature suit to determine the issue of liability in a tort action and not to avoid the accrual of avoidable damages or to clarify the rights of the parties, as the Act provides

---

[46] *Gribin v. Hammer Galleries, a Div. of Hammer Holding, Inc.*, 793 F. Supp. 233 (C.D. Cal. 1992) ("The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action."); *see also Morcote v. Oracle Corp.*, No. C-05-0386 JCS, 2005 WL 3157512, at *1 (N.D. Cal. Nov. 23, 2005); *Bou-Matic, LLC v. Ollimac Dairy, Inc.*, No. CVF 05-203 OWWSMS, 2007 WL 2898675, at *3 (E.D. Cal. Sept. 28, 2007).

[47] *Id.* at 233-234.

[48] *Id.* at 237.

[49] *See e.g.*, MGM's Complaint, ECF No. 1 ¶ 29.

Case No. 2:18-cv-06113-JAK (FFM)

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

1   for, just like the plaintiff in *Cunningham*.

2         MGM has improperly alleged its affirmative defenses to a speculative, future

3   claim, in the guise of a declaratory relief action in federal court.  Counsel for MGM

4   admitted in argument before the Panel that the SAFETY Act argument contained in

5   the Declaratory Relief Actions is, in fact, nothing more than an affirmative defense.[50]

6   Moreover, in MGM's Complaint, it references that it believes that it is entitled to the

7   benefits of 6 U.S.C. § 442(d)(1), which allows a seller under the SAFETY Act to

8   assert a "government contractor defense" if that seller's qualified anti-terrorism

9   technology has been certified by the Department of Homeland Security.  *See*

10  Complaint, ECF No. 1, at ¶ 874.  The government contractor defense is, by definition,

11  an affirmative defense.  As stated by the *Cunningham* court, a Declaratory Relief

12  Action is not appropriate to preemptively adjudicate an affirmative defense.

13        To allow MGM, the alleged tortfeasor in this instance, to litigate their claims

14  at a time and in a forum of their choosing would be a perversion of the Declaratory

15  Judgment Act and would not effectuate the purposes of the federal statute.  At the

16  hearing before the Panel, MGM's counsel stated that the Declaratory Relief Actions

17  were filed preemptively because MGM "feared that they [victims] were going to

18  dribble out cases, you know, one-by-one-by-one."[51]  This is a clear statement, made

19  by counsel, on the record, that this action, and its eight identical counterparts, were

20  filed so that MGM can litigate these claims at a time of its choosing.  Such action also

21  forces the victims into litigation more than a year before the statute of limitations has

22  accrued.[52]  When "the traditional remedy provides the parties with the procedural

23  safeguards required by the law to insure the availability of a proper remedy, the courts,

24  in exercising their discretion, may properly dismiss the declaratory judgment

---

[50] *See* Ex. C at 6:24-7:1.

[51] *Id.* at 9:10-12.

[52] *See* NRS 11.190(4)(e), setting a two year statute of limitations for negligence claims.

Case No. 2:18-cv-06113-JAK (FFM)

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

1    action."[53] MGM will be provided the traditional safeguards required by law to litigate

2    its affirmative defenses, at which time Defendants decide, if at all, to file such an

3    action. A declaratory judgment action is not the proper forum for MGM to

4    prematurely litigate liability; therefore, MGM's complaint should be dismissed.

5          Actions such as this are improper for the purposes of seeking, as MGM does

6    here, a declaration of nonliability in anticipation of being named as a defendant in a

7    negligence lawsuit.[54] Where a declaratory plaintiff raises chiefly an affirmative

8    defense, and it appears that granting relief could effectively deny an allegedly injured

9    party its otherwise legitimate choice of the forum and time for suit, no declaratory

10   judgment should be issued.[55] MGM admitted to filing these actions for the purposes

11   of entering its preferred forum in federal court at its preferred time, all with the goal

12   of obtaining a declaration of non-liability on what is, in effect, an affirmative defense.

13   Under these circumstances, this action is inappropriate for declaratory relief and

14

15   _____

16   [53] *See Cunningham Bros. Inc.*, 407 F.2d at 1169.

17   [54] *See Tucker Materials, Inc. v. Safesound Acoustics, Inc.*, 971 F. Supp. 2d 537, (2013); *Morrison v. Parker*, 90 F. Supp. 2d 876, 880 (W.D. Mich. 2000) ("Following

18   *Cunningham*, the uniform approach of the federal courts is that declaratory relief is generally inappropriate when a punitive tortfeasor sues the insured party for a

19   declaration of nonliability."); *Amerada Petroleum Corporation v. Marshall*, 381 F.2d 661 (5th Cir. 1967), cert. denied, 389 U.S. 1039, 19 L. Ed. 2d 828 , 88 S. Ct. 776;

20   *Allied-General Nuclear Services v. Com. Edison Co.*, 675 F.2d 610, 613 (4th Cir. 1982); *Hanes Corp. v. Millard*, 531 F.2d at 585; *UNC Resources, Inc. v. Benally*, 518

21   F. Supp. 1046 (July 1, 1981); *Frito-Lay, Inc. v. Dent*, 373 F. Supp. 771, 773 (N.D.Miss.1974); *States Steamship Company v. Featherstone*, 240 F. Supp. 830 (D.

22   Or. 1965) (relief denied where shipowner sought declaration of nonliability for injuries to crewmembers caused by assault of coworkers); *Sun Oil Co. v.*

23   *Transcontinental Gas Pipe Line Corp.*, 108 F. Supp. 280 (E.D. Pa. 1952), aff'd 203 F.2d 957 (3d Cir. 1953) (no declaratory relief where operator of tanker sought

24   declaration of nonliability for damage to underwater pipeline fouled by plaintiff's anchor); *Aktiebolaget Bofors v. United States*, 93 F. Supp. 134 (D.C. 1950), aff'd 194

25   F.2d 145 (D.C. Cir. 1951) (no action may be entertained for declaratory judgment adjudicating that defendant is guilty of tort); *see also* 10A Wright, Miller & Kane,

26   Federal Practice and Procedure § 2760 (2nd ed. 1983).

27   [55] *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995); *see also AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004); *Tempco Elec. Heater Corp. v. Omega*

28   *Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987); *United Ins. Co of Am. v. Harris*, 939 F. Supp. 1527, 1535 (M.D. Ala. 1996).

1  MGM's action should be dismissed.[56]

2  **IV.   CONCLUSION**

3       MGM improperly asks this Court to substitute, by way of declaratory judgment,

4  the traditional and proper remedy for adjudicating personal injury suits. MGM's

5  action does not effectuate any legitimate purpose of the Declaratory Judgment Act,

6  but instead serves to have this Court determine whether MGM has an absolute defense

7  to liability.  To force the Victims to litigate a claim they may not have wanted to

8  litigate, and to do so at a time and place not of their choosing violates basic tenets of

9  fairness to litigants.

10       Based on the forgoing, the Victims request that the Court Grant the instant

11  Motion and issue an Order dismissing MGM's Complaint seeking declaratory relief

12  as to all Defendants for lack of subject matter jurisdiction.

13

14  Dated: October 16, 2018              **ROBINSON CALCAGNIE, INC.**

15

16                                      */s/ Daniel s. Robinson*
                                        Mark P. Robinson, Jr., SBN 54426
17                                      Daniel S. Robinson, SBN 244245
                                        19 Corporate Plaza Drive

18  _____

19  [56] The Victims request that the Complaint be dismissed as to all Defendants that have
    been improperly served or have not yet been served.  MGM has failed to serve many
20  of the victims they named in the Complaint. *See* FRCP 4(m); *Mack v. Dillon* 594 F3d
    620, 622 (8th Cir. 2010); *Bowling v. Hasbro, Inc.*, 403 F3d 1373, 1376 (Fed. Cir.
21  2005); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F3d 948, 952 (7th Cir. 2000).
    Defendants also attempted to perfect mail service without sufficient basis established
22  in an affidavit of reasonable diligence or in compliance with other requirements under
    California law.  *See* Cal. Civ. Code § 415.20(b).   To the extent that any of the
23  Defendants were not properly served (even for reasons not expressly mentioned
    herein), the Court should dismiss the Action against those Defendants.  Defendants
24  reserve the right to file supplemental briefs addressing the defect in service.  Attached
    hereto as Exhibit A is a list of Defendants that the Victims' counsel presently believe
25  have never been served and/or were defectively served.  This list not exhaustive, and
    the Victims' counsel believes there are significant defects in service as to all
26  Defendants served.

27

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

Newport Beach, CA 92660
(949) 720-1288; Fax (949) 720-1292
mrobinson@robinsonfirm.com
drobinson@robinsonfirm.com

*Attorneys for Defendants*
ANDREA ABRAMS, DANIEL ABRAMS,
LEANNE ALTAMIRANO, JOANNA
ALVAREZ, JENNIFER APARICIO,
SHARMEN BADUA-MURRAY, SHANNON
BALAS, JASMINE BARBUSCA, ASHLEY
BECKER, ANNALISE BELMARES,
MEGHAN BELMARES, JONATHAN
BELTRAN,  AMANDA BOBB, MICHAEL
BRADLEY, STEVEE BRANCATO, JOHN
BUI, LYNZEE CAMPBELL, KAREN
CANADA, BRITTNIE NICOLE CARDENAS,
ELIZABETH CARVALHO, CONNOR
CASAREZ, CHRISTOPHER CAYWOOD,
KASANDRA CAYWOOD, KERI CESARIO,
ROBERT CESARIO, KRISTI
CHRISTENSEN, KATHLEEN CONTI,
TYLER CRAIG, BRENDA CRANE,
JENNIFER CUEVAS, ADRIANNA CULLER,
KYLE DAVID, VANESSA DIPOLITO,
ROBYN DOBBS, ELYSE DONNELLY,
JESSICA DOVALINA, GENA ELFELT,
STACI ELLIS, STEVE ENCINIAS,
MELISSA FIERRO, DANIEL FLORES,
AMANDA FROST, STEPHANIE
GALLEGOS, TRISTI GLOVER, ALESHA
GONZALEZ, JENNIFER GRIMM, GABRIEL
GUERRERO, TRISHA GUERRERO, LARRY
HAYDEN, BRANDON HELMICK,
KRISTINE HENDERSON, WHITNEY
HINNANT, TAMMY HISCOX GURULE,
KENDRA HOBBS, KATHERINE HOEY,
LISA HOLGUIN, BRENDAN HOOLIHAN,
DEBRA HUDSON, JULIE HUNTSINGER,
RENEE JIMENEZ, MICHELLE JONES,
ALAINA KELLY, WILLIAM KELLY,
BRIAN KETTERING, YVETTE
KETTERING, REBECCA KNEPPER, KASH
KNUDSON, CHELSEA LAURENT,
NICHOLAS LAWLOR, TIFFANI LAWYER,
RUTH LEGASPI, DELANE LEIVAS,
JUDITH LEYN, MICHAEL LJUBIC, ARLA
LONCAR, BLAKE LONCAR, LETICIA
LUNA, KELCY MAIO, ASHLEY
MANSPERGER, ADAM MATZ, CHRIS W.
MURRAY, ANA NUNEZ, LUIS NUNEZ,
ARIEL ONTMAN, LESLIE PAIZ, ROCKY
PALERMO, SALLY PALMER, HALEY
PANNO, KENDALL QUIROZ, LYNNE
REICK, JASARA REQUEJO, SAUL

Case No. 2:18-cv-06113-JAK (FFM)
DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

RODRIGUEZ, CLAUDIA ROMERO, HARRY ROMERO, ANNA ROSS, AMANDA RUMBLE, ERIC RYMER, JUSTINE SALAS, JANAE SAMBRANO, JANET SEEGER, MAGEE SEGAL, TOMMIE SERRANO, STEPHANIE SMARKER, PARKER STEVENS, STEVE STEWART, SHANDI STRONG, NICHOLAS SWARTZ, YVETTE SWARTZ, JANELLE TERKEURST, EVAN TILLEMA, ALFREDO TOLEDO, JOHNNY TOSCANO, RHONDA TRASK, HAMIDA TRUJILLO, LIGIA URIARTE, NATHALIE VANDERSTAY, AMANDA WECHSLER, STACY WILBANKS, ANNA WILLIAMS, JOSEPH WILLIAMS, JAMES WILLIAMSON, MCKAYLA WILSON, BRETT YEAKEL, SHANNON ZEEMAN, SHARLA ZOTEA,

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF

# EXHIBIT A

Exhibit A

1.      A.J., A MINOR

2.      A.M., A MINOR

3.      A.P., A MINOR

4.      A.R.B. , A MINOR

5.      DAVID AASE

6.      GARY AASE

7.      MARK ABRAHAM

8.      LUKE ADAM

9.      ROBERT AGUILAR

10.     BRIAN AHLERS

11.     ESTATE OF HANNAH AHLERS

12.     MARCO ALBERTINI

13.     SARA ALLEGRO

14.     ETTA ALLEN

15.     RUBEN ALULEMA

16.     ALEX ALVAREZ

17.     LINDSEY ALVAREZ

18.     DANIELLE AMBROSE

19.     ALETHA ANDERSON

20.     NATALIE ANDERSON

21.     REBECCA ANN ANDERSON

22.     RYAN ANDERSON

23.     SHANNON ANDERSON

24.     BRENDEN ARAUJO

25.     LISA AWALT

26.      B.T., A MINOR

27.      CHRISTOPHER BADOREK

28.      TRACEY BAKER

29.      JASON BANVILLE

30.      TEGAN BANVILLE

31.      ESTATE OF CARRIE BARNETTE

32.      RONALD A. BARRERAS

33.      COURTNEY BEAN

34.      JONATHON BELL

35.      DANIEL R. BEST

36.      CARLY BETZLER

37.      PAULA BLAKELEY

38.      DYLAN BODEN

39.      EMILY BODEN

40.      JOY BODEN

41.      MADDISON BODEN

42.      CRYSTAL BOLKE

43.      NICOLE BONTEMPO

44.      PAUL BOONE

45.      MARK BODEN

46.      ESTATE OF CANDICE BOWERS

47.      KURTIS ANTHONY BOWERS

48.      DAVID BRAKE

49.      MAILYS BRIGHTLY

50.      EDWARD BROWN

51.      ERIKA BROWN

52.      RONDA BROWN

53.    STEPHANIE BROWN

54.    TAYLER BRUNNER

55.    HECTOR CABALLERO

56.    HEATHER L. CAIN

57.    INGRID CANELO

58.    RENEE CANELO

59.    MARY CANICH

60.    EMILY CANTRELL

61.    JESSICA CAREY

62.    KATE CARLIN

63.    KARI CARLSTROM

64.    ALEXANDER CARRIAGA

65.    KIMBERLY CARRIAGA

66.    MATTHEW CARRILLO

67.    IAN CARTER

68.    VANESSA CASE

69.    CARLEY CASS

70.    ESTATE OF ANDREA CASTILLA

71.    GUS CASTILLA

72.    MARISSA CASTLE

73.    REBECCA CASTRO

74.    LAUREN CHAGOLLA

75.    TAMMY J. CHAMBERS

76.    DAVID CHATTERTON

77.    MARIE CHATTERTON

78.    VERONICA CHAVEZ

79.    FABIOLA CINTRON

80.     ROGER CINTRON

81.     DONNA COCHRANE

82.     DAVID COLE

83.     JOSEPH COLE

84.     DENNIS NEAL COLEMAN

85.     RONALDO CONCEPCION

86.     CHRISTA CONWAY

87.     WENDY COOPER

88.     JESSE CORTEZ

89.     LISA CORTEZ

90.     DOUGLAS CORUM

91.     ANTHONY M. CRESTA

92.     ANTHONY CRISCI

93.     PATRICIA CRISS

94.     MARISSA J. CURRIE

95.     TAMMY CURTIS

96.     D.B., A MINOR

97.     ANDREW DAHRING

98.     NANCY DAHRING

99.     LISA MARIE DANIELS

100.    PRITESH DAVDA

101.    JESSICA DAVIES

102.    AMANDA DAVIS

103.    THOMAS DAY SR.

104.    ESTATE OF THOMAS DAY

105.    KELSEY DAY

106.    NOLAN DAY

107.   WHITNEY DAY

108.   TAMARA DELAMETER

109.   AMY DELAPLANE

110.   ALEJANDRA DELAROSA

111.   NICOLE DELGADILLO

112.   DANIELLE DELIRA

113.   NICOLE DESARACHO

114.   REGINA DIERINGER

115.   RYAN DIERINGER

116.   DIANA J. DIMITRUK

117.   LAURA DIXON

118.   KYLE L. DONNER

119.   WENDY A. DORMER

120.   EYDIE DOYLE

121.   THOMAS DURELL

122.   CHEYENNE EBERLE

123.   DERRICK ELLIOTT

124.   JILLIAN ELLIOTT

125.   SHANYCE ENGLISH

126.   MADELYN ENOCHS

127.   KANDIS ERICKSON

128.   SABRINA ESPARZA

129.   SORAYA M. ESPINOZA

130.   VINCENT ETCHEBER

131.   ESTATE OF STACEE ETCHEBER

132.   CYNTHIA EVANS

133.   DENNIS EVANS

134.   WENDY EVERETT

135.   MICHELLE FARIAS

136.   RAFAEL FELICIANO

137.   LAUREN FERGUSON

138.   MARYSSA FIELDS

139.   BAYLEE FINCHER

140.   BROOKE FINCHER

141.   LYNDSAY FISHER

142.   AUSTIN FISHER

143.   SUSAN FITZGERALD

144.   EMILY FLESHER

145.   KRISTI FLESHER

146.   JENNIFER FLUEGAL

147.   MARLANA FOLTZ

148.   KADEDRA FOWLER

149.   JUSTIN FRAME

150.   BRITTANY FRIEND

151.   CYNTHIA FRISKE

152.   BOBBI FRYE

153.   APRIL GABANY

154.   TINA GALARZA

155.   MANDY GALLEGOS

156.   ESTATE OF KERI GALVAN

157.   JUSTIN GALVAN

158.   ERIC GARCIA

159.   EUGENE GARCIA

160.   CHRISTINA GARCIA

161.    RANDY GARCIA

162.    TERESA GARCIA

163.    LAURA GARDHOUSE

164.    ELLENOR GARGANO

165.    JOSE L. GARZA

166.    PAIGE GASPER

167.    WILLIAM GEORGIA

168.    MEILIN GIBBENS

169.    ERIN GILL

170.    JOHN GILMORE

171.    MICHELL GOBLE

172.    MICHELLE GOMES

173.    JULIE GOMEZ

174.    STEVEN GOMEZ

175.    JEFFREY ALAN GONSALVES

176.    ANDREA GONZALES

177.    JESUS VINCENT GONZALEZ

178.    MICHAEL GONZALEZ

179.    MICHAEL GOODNIGHT

180.    DOREEN GORMAN

181.    DELORES GRAY

182.    JEANETTE GRAY

183.    NICOLE GRAY

184.    REGINA GREEN

185.    DAVID J. GRIJALBA

186.    MIGUEL GUERRERO

187.    ESTATE OF ROCIO GUILLEN

188.   THOMAS GUNDERSON

189.   TAMMY  GURULE

190.   KIMBERLY GUTIERREZ

191.   CRYSTAL HADLEY

192.   DEBORAH HALL

193.   MICHELLE HAMEL

194.   KIERSTEN HARLING

195.   SIMON HARLING

196.   BREANNA HAYDEN

197.   CORI HAYNES

198.   JENNIFER HEIDT

199.   WENDY HEIRSHBERG

200.   ANDREA HENNING

201.   JUSTIN HEREDIA

202.   REBECCA HERNANDEZ

203.   ERIC HIGGINS

204.   DIANE HILL

205.   TYLER HILL

206.   JEFF HINES

207.   BRYAN HOFFRICHTER

208.   DONNA HOLDEN

209.   ALBERT HOLGUIN

210.   JOHN HOLLADAY

211.   BRITTANY HOPKINS

212.   MICHELLE HOWLETT

213.   MALISA HOYME

214.   LAURIE HULBERT

215.   RYAN HUNTSINGER

216.   TAYLOR HURWIT

217.   ALICIA JACKSON

218.   THOMAS S. JACOBUS

219.   CHRISTOPHER JAKSHA

220.   PHILIP JARDELL

221.   JOANNA JASHIMOTO

222.   JESSICA ANN JENKINS

223.   TERESA JENSEN

224.   MIRANDA JESSEN

225.   SARAH JICK

226.   MONTA JOHNSON

227.   SHAHEED JONES

228.   ROB JONES

229.   MISTY JONES

230.   K.L.A., A MINOR

231.   CLARICE KAHIA

232.   TED KALNAS

233.   MICHAEL KAPLISH

234.   MIRTA KATNICH

235.   DEBRA KELLY

236.   KYLE KENNEDY

237.   BRENDA KENT

238.   JAMES KIRK

239.   NICOLE KIRSHNER

240.   JAZMAN GLOVER KOWALCZYK

241.   MADISYN KUNTZ

242. SCOTT T. KUNTZ

243. MICHAEL LANDRON

244. SUSIE LAPORTE

245. RICHARD LARSON

246. SUSAN LEARN

247. DELANIE LEONE

248. CATHERINE LESTER

249. HALEY LEWIS

250. LINDA LIEWSUWANPHONG

251. PRIDEE J. LIEWSUWANPHONG

252. MICHELLE LJUBIC

253. NIKOLAS LJUBIC

254. VALARIE LOERA

255. LEAH LOEWENTHAL

256. ALMA LOPEZ

257. KIMBERLY LORING

258. BO MAGEE

259. BRIAN MALLETTE

260. THOMAS MARTIN

261. ELISA MARTINEZ

262. REGINA R. MARTINEZ

263. SALVADOR MARTINEZ

264. HOLLY MAYES

265. DIANA DE LA MAZA

266. ROLAND DE LA MAZA

267. SHANDE MCCANN

268. DANIEL MCDONALD

269.   LONTISHA MCGILBERRY

270.   CHERISH MCGUIRE

271.   STEPHANIE MCKIERNAN

272.   CHERYL MCPHERSON

273.   MARK MCSHANE

274.   DAVID MEDINA

275.   JOHNATHAN DANIEL MEDINA

276.   RAYMOND MERKLEY

277.   JIM MERRIFIELD

278.   ESTATE OF PATRICIA MESTAS

279.   DEREK MILLER

280.   KAYLA MILLS

281.   ROSA MIRANDA

282.   DEBRA MITCHELL

283.   ROBIN MONTER

284.   MICHELLE MONTOYA

285.   SCOTT MOREAU

286.   BRITNIE L. MORGAN

287.   CANDICE MORGAN

288.   ROGER MOZDA

289.   LISA MUNOZ

290.   MARISSA NARVAEZ

291.   BRITTANY NEGRETTE

292.   JOANNE NELSON

293.   ROBERT TROY NELSON

294.   MARISA NEWMAN

295.   FRANK NICASSIO

296.   GREGORY NIX

297.   CHERIE NOLL

298.   ROBERT DI NONNO

299.   JEANETTE NUGENT

300.   ELIZABETH OKORO

301.   LINDSAY OKRAY

302.   VIRGINIA OLEN

303.   RENEE OLIVER

304.   LEONA OLSON

305.   CLAUDIA OROPEZA

306.   MICHELLE OROZCO

307.   THERESA ORTIZ

308.   P.G., A MINOR

309.   P.G., A MINOR

310.   ELIJAH PACHECO

311.   MELANIE PALMER

312.   KYLIE PANNO

313.   COLLIN PARKER

314.   ESTATE OF RACHAEL PARKER

315.   JASON PARSONS

316.   DAVON PATTERSON

317.   MICHAEL PATTERSON II

318.   JANICE PENNINGTON

319.   KIMBERLEE PEOPLES

320.   ELIZABETH PEREZ

321.   NATHAN PHIPPEN

322.   TRAVIS PHIPPEN

323.    ESTATE OF JOHN PHIPPEN

324.    BERSABE PINEDA

325.    JACK PINKSTON

326.    MYLIKA POPE

327.    BRENT POPPEN

328.    JESSICA PRESTEN

329.    DENISE PROVENCIO

330.    R.G., A MINOR

331.    DIEGO ARMANDO RAMIREZ

332.    RENEE RAMIREZ

333.    FRANCES RAMIREZ

334.    SARA RAMIREZ

335.    ERICA RAMOS

336.    CARISSA RASH

337.    CODY RASH

338.    DAVID RASMUSSON

339.    MICHELLE RASMUSSON

340.    JACOB RATLIFF

341.    JACOB RATLIFF

342.    GLENDA REBOLLAR

343.    TRICIA SEAN REED

344.    BRODY RENAUD

345.    AMBER RENCH

346.    FRANCISCO RESENDIZ

347.    KRISTINA REYES

348.    RALPH REYES

349.    TARA REYES

350.   MARION REYNOLDS

351.   WILLIAM REYNOLDS

352.   STEVEN RIBOVICH

353.   MARIE RICE

354.   GINA RICHARD

355.   MINDY RITTER

356.   HEATHER RIVERA

357.   RAYMOND A. RIVERA

358.   JADE RIXEY

359.   TIMOTHY ROBINSON

360.   BERNADETTE ROCHA

361.   JENNIFER ROCKWELL

362.   MARCELINA ROJAS

363.   DIXIE ROYBAL

364.   ESTATE OF CHRISTOPHER ROYBAL

365.   LISA RUDBERG

366.   LUCIA RUDELA

367.   JOANNE RUSCONI

368.   RONI RYMER

369.   S.J., A MINOR

370.   VICTORIA SALAS

371.   AMANDA SALMON

372.   AMANDA SAMBRANO

373.   JEFFERY SAMBRANO

374.   STEPHEN SAMBRANO

375.   GEORGE SANCHEZ

376.   MARIE SANCHEZ

377.    SAVANNAH SANCHEZ

378.    ETHAN SANCHEZ

379.    TREVOR SANDERS

380.    CALIA SANFORD

381.    INA SARKISSIAN

382.    NELA SARKISSIAN

383.    DAVID SCHARMACK

384.    IRENE SCHARMACK

385.    ALICE SCHMIDT

386.    JEREMY SCHMIDT

387.    MICHELLE SCHONEMAN

388.    JONATHAN SCHUSSLER

389.    MICHAEL SCOTT

390.    DAVID SHERIFF

391.    REMO SHETH

392.    ELAINE SILVESTRE

393.    HALEY SISNEROS

394.    JONATHAN SLONIGER

395.    AMBER SMITH

396.    DANA L. SMITH

397.    RYAN ONEIL SMITH

398.    DANIELLE SMUDDE

399.    MISTY SNITZER

400.    KEOSCHA E. SPENCER

401.    SAVANNAH SPENCER

402.    STEPHANIE SPENCER

403.    SUZANNE SPENCER

404.    MICHELLE E. SPENCER

405.    KORTNEY SPENCER

406.    DAVID SPRING

407.    SHANNON SPRINGER

408.    ROBERT STAGGS

409.    DAVID STATTER

410.    VERONICA STATTER

411.    KATIE STERN

412.    TAMARA J. STEWART

413.    MICHAELA STILWELL

414.    DANA STOUT-WILSON

415.    JOSHUA K. STRATTON

416.    MICHELLE STUEBE

417.    SUSANNA SUARD

418.    BRANDI SWAN

419.    JASON TAYLOR

420.    JOHN TAYLOR

421.    TIFFANY TAYLOR

422.    ESTATE OF DERRICK D. TAYLOR

423.    ROCKY TEPESANO

424.    JEFFREY THOMAS

425.    JENNIFER TILLMAN

426.    JOSHUA TINOCO

427.    SARAH TISCARENO

428.    ROBERT TREMATERRA

429.    ALEJANDRA URIBE

430.    RICARDO URIBE

431.    LISA VALDES

432.    JENNIFER VAN VLYMEN

433.    CECELIA JOYA WALACH

434.    REBECCA WALTMAN

435.    CARRIE WEIDENKELLER

436.    TRICIA WELCH

437.    KEVIN WELLS

438.    SERENA WEST

439.    GINA B. WHEELER

440.    STANLEY WILLIAMS

441.    MARCUS WILSON

442.    KATELYN WING

443.    ANTHONY WOOD

444.    SHAWNA WOOD

445.    JADE WRIGHT

446.    SHAWNA YORK

447.    BRANDON YOUNG

448.    LAURA ZARATE

# EXHIBIT B

 **MGM Resorts** ✔️
@MGMResortsIntl

Follow ⌄

We have filed what is known as an action for
declaratory relief. All we are doing, in effect, is
asking for a change in venue from state to
federal court. We are not asking for money or
attorney's fees. We only want to resolve these
cases quickly, fairly and efficiently.

> "We are filing what is known as an action for declaratory relief. All
> we are doing, in effect, is asking for a change in venue from state
> to federal court. We are not asking for money or attorney's fees,
> and our complaint is directed only at people who have already sued
> us or have threatened to sue us. We are seeking justice through the
> federal court system in order to reach a timely resolution. We want
> to resolve these cases quickly, fairly and efficiently."
>
> **Debra DeShong**
> SVP, Global Corporate Communications & Industry Affairs    

7:01 PM - 17 Jul 2018

# EXHIBIT C

PAGES 1 – 20

UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

IN RE:                              )
                                    )
ROUTE 91 HARVEST FESTIVAL           )
SHOOTINGS, IN LAS VEGAS, NEVADA     )
ON OCTOBER 1, 2017                  )   DOCKET NO. 2864
                                    )
                                    )
                                    )   SAN FRANCISCO, CALIFORNIA
                                    )   THURSDAY
_____     )   SEPTEMBER 27, 2018


TRANSCRIPT OF PROCEEDINGS

PRESIDING:

JUDGE SARAH S. VANCE, CHAIR

JUDGE ELLEN SEGAL HUVELLE

JUDGE R. DAVID PROCTOR

JUDGE MARJORIE O. RENDELL

JUDGE LEWIS A. KAPLAN

JUDGE CATHERINE D. PERRY




**_TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR_**
**_                 RETIRED OFFICIAL COURT REPORTER, USDC_**

1  SAFETY LAW ISSUE?

2        **MR. BRIAN:**  THAT WAS JUDGE BOULWARE'S INITIAL

3  JUDGMENT.  THERE'S BEEN NO REQUEST FOR DISCOVERY YET IN THE

4  CASES PENDING IN THE CENTRAL DISTRICT.  WE HAVE A HEARING ON

5  OCTOBER 29.

6        **JUDGE VANCE:**  IT SEEMS TO BE HARD TO IMAGINE THAT

7  ISSUE IS GOING TO INVOLVE EXTENSIVE DISCOVERY.

8        **MR. BRIAN:**  I THINK THERE WILL BE SOME DISCOVERY.  I

9  DON'T THINK IT WILL BE EXTENSIVE, OF COURSE, I AGREE WITH THAT.

10       **JUDGE PROCTOR:**  HOW DO THE DECLARATORY JUDGMENT

11  ACTIONS SHARE SIGNIFICANT FACT SIMILARITY AND QUESTIONS OF FACT

12  WITH THE NEGLIGENCE ACTIONS, WHICH I UNDERSTAND THERE ARE FOUR

13  NEGLIGENCE ACTIONS CURRENTLY PENDING, THREE IN THE CENTRAL

14  DISTRICT?

15       **MR. BRIAN:**  THERE ARE CURRENTLY THREE PENDING IN THE

16  CENTRAL DISTRICT AND ONE PENDING IN THE DISTRICT OF NEVADA.

17  THE FACTUAL ISSUES ALL ARISE FROM THE SAME INCIDENT, ALL ARISE

18  FROM THE RETENTION OF THE SAME SECURITY FIRM AND THE SERVICES

19  PROVIDED BY THAT SECURITY FIRM AND WHETHER OR NOT THAT PROVIDES

20  THE REMEDY, SO TO SPEAK, AND PROTECTIONS UNDER THE SAFETY ACT.

21  ALL OF THOSE WILL BE APPLIED IN ALL OF THE CASES.

22       **JUDGE VANCE:**  THAT'S THE LEGAL ISSUE OF WHETHER

23  YOU'RE PROTECTED BY THE SAFETY ACT.  BUT THE NEGLIGENCE

24  ACTIONS, IF YOU GET PAST THAT, THE DECLARATORY JUDGMENTS COME

25  AND GO WITH THE SAFETY ACT, RIGHT?

```
 1            MR. BRIAN:  CORRECT, BUT THE NEGLIGENCE ACTIONS WILL

 2    ALL -- AND THE DECLARATORY RELIEF ACTIONS, WHICH WE'LL GET

 3    COUNTERCLAIMS IN, WILL ALL DEAL WITH THE ALLEGED NEGLIGENCE OF

 4    THE HOTEL AND THE ALLEGED NEGLIGENCE OF THE SECURITY.

 5            JUDGE VANCE:  YOU'RE ASSUMING THEY ARE GOING TO FILE

 6    COUNTERCLAIMS?

 7            MR. BRIAN:  CORRECT, WE ARE ASSUMING THAT.

 8            JUDGE VANCE:  BUT THE NEGLIGENCE ISSUE IS NOT -- THE

 9    DEC ACTIONS INVOLVE YOUR DESIRE TO BE LET OUT ON THE LEGAL

10    QUESTION, RIGHT?

11            MR. BRIAN:  OUR DESIRE TO BE LET OUT -- OUR DESIRE TO

12    BE IN FEDERAL COURT AND TO GET THE PROTECTIONS OF THE SAFETY

13    ACT, CORRECT.

14            JUDGE VANCE:  OKAY.

15            JUDGE PERRY:  WOULD IT MAKE SENSE --

16            JUDGE VANCE:  BUT THE NEGLIGENCE ACTIONS DON'T

17    NECESSARILY -- IF YOU WIN ON THAT, YOU'RE NOT GOING TO GET TO

18    NEGLIGENCE, RIGHT?

19            MR. BRIAN:  I THINK THE PLAINTIFFS WILL PROBABLY

20    ARGUE THAT THE PROTECTIONS OF THE SAFETY ACT DO NOT GIVE US A

21    HUNDRED PERCENT RELIEF.  THERE WILL BE A DISPUTE ABOUT THAT, I

22    PREDICT.  WE BELIEVE IT GETS US OUT; I'M SURE THEY WILL

23    DISAGREE.

24            JUDGE PROCTOR:  THE SAFETY ACT IS AN AFFIRMATIVE

25    DEFENSE THAT YOU HAVE TO ASSERT IN THESE ACTIONS, CORRECT?
```

1          **MR. BRIAN:**   YES.

2          **JUDGE PROCTOR:**   AND THE QUESTION UNDER THE SAFETY ACT

3    IS NOT GOING TO BE DEALING SO MUCH WITH THE GRITTY DETAILS OF

4    WHAT SAFETY PROGRAMS WERE IN PLACE AS MUCH AS WHETHER THERE WAS

5    A STATUTORY PROGRAM THAT GIVES YOU THAT DEFENSE, CORRECT?

6          **MR. BRIAN:**   WE HAVE TO ESTABLISH, THOUGH, THAT THE

7    QUALIFIED ANTI-TERRORISM COMPANY WAS HIRED, THAT THEY EMPLOYED

8    THE SERVICES, ET CETERA, ET CETERA.

9               (SIMULTANEOUS COLLOQUY.)

10         **JUDGE PROCTOR:**   YOU DON'T GET INTO THE SCOPE OF

11   WHETHER THOSE SERVICES EMPLOYED WERE SUFFICIENT TO PROTECT

12   AGAINST THIS HARM; IT'S JUST WHETHER THOSE SERVICES WERE

13   EMPLOYED AND WHETHER THEY QUALIFIED UNDER THE STATUTE, RIGHT?

14         **MR. BRIAN:**   THAT IS OUR POSITION.  I THINK THE

15   PLAINTIFFS ARE GOING TO TAKE A DIFFERENT POSITION AS TO THE

16   SCOPE OF THE PROTECTION OF THE ACT, WHICH WE'LL GET INTO THE

17   NEGLIGENCE, ALLEGED NEGLIGENCE OF THE HOTEL, THE DEFENDANTS --

18         **JUDGE PROCTOR:**   AT THIS POINT HAS ANY COURT ALLOWED

19   DISCOVERY UNDER THAT SECONDARY ISSUE?

20         **MR. BRIAN:**   THE DISCOVERY THAT'S GOING TO HAPPEN IN

21   NEVADA WILL BEAR UPON THE SERVICES THAT WERE RENDERED.  I THINK

22   IT DOES OVERLAP TO SOME EXTENT WITH THAT ISSUE.  YES, I THINK

23   IT DOES.

24               (SIMULTANEOUS COLLOQUY.)

25         **JUDGE HUVELLE:**   WHY CAN'T THE NEVADA COURT DECIDE THE

1    SAFETY ACT ISSUE AND THEN WE WORRY ABOUT WHETHER OR NOT THERE

2    SHOULD BE SOME CENTRALIZATION?  AFTER THE SAFETY ACT ISSUE IS

3    DECIDED, YOU MAY HAVE A COMPLETE DISPERSAL OF THE UNDERLYING

4    LAWSUITS IF YOU LOSE THAT ARGUMENT.

5            **MR. BRIAN:**  BECAUSE THE SAME ISSUE IS GOING TO COME

6    UP OVER AND OVER IN ALL THE CASES.  IT WILL COME UP ON THE

7    MOTION TO DISMISS IN THE DECLARATORY RELIEF ACTIONS.  THEY WILL

8    THEN BE APPEALED.  IT WILL COME UP IN THE CASES IN THE CENTRAL

9    DISTRICT THAT WERE REMOVED, WHICH MAY OR MAY NOT BE --

10           **JUDGE VANCE:**  THAT'S ONLY --

11           (SIMULTANEOUS COLLOQUY.)

12           **JUDGE HUVELLE:**  AREN'T YOU SUBJECT TO OFFENSIVE USE

13   OF COLLATERAL ESTOPPEL IF IT'S FIRST DECIDED IN ONE COURT ON A

14   FULL RECORD?  I UNDERSTAND THAT THE PLAINTIFFS --

15           **MR. BRIAN:**  I DON'T THINK THERE WILL BE A BINDING

16   JUDGMENT WITH A RULE BY THE DISTRICT JUDGE.  I THINK THE

17   DISTRICT OF NEVADA JUDGE ON FRIDAY INDICATED THE GENERAL WAY HE

18   RULES.  HE MAY ACTUALLY RULE SO THAT ISSUE ON REMAND IS

19   APPEALABLE, BUT WE ANTICIPATE THIS LEGAL ISSUE WILL BE DECIDED

20   IN ALL THESE COURTS AND WILL GO UP TO FIVE OR SIX DIFFERENT

21   CIRCUITS.

22           **JUDGE VANCE:**  I THINK IT PROBABLY WOULD BE

23   APPEALABLE, BECAUSE THAT STATUTE ESSENTIALLY MAKES YOU A

24   GOVERNMENT CONTRACTOR, AND GOVERNMENT CONTRACTORS -- IT

25   PROBABLY WOULD BE APPEALABLE.

1    SAFETY ACT ISSUE AND THEN WE WORRY ABOUT WHETHER OR NOT THERE

2    SHOULD BE SOME CENTRALIZATION?  AFTER THE SAFETY ACT ISSUE IS

3    DECIDED, YOU MAY HAVE A COMPLETE DISPERSAL OF THE UNDERLYING

4    LAWSUITS IF YOU LOSE THAT ARGUMENT.

5         **MR. BRIAN:**  BECAUSE THE SAME ISSUE IS GOING TO COME

6    UP OVER AND OVER IN ALL THE CASES.  IT WILL COME UP ON THE

7    MOTION TO DISMISS IN THE DECLARATORY RELIEF ACTIONS.  THEY WILL

8    THEN BE APPEALED.  IT WILL COME UP IN THE CASES IN THE CENTRAL

9    DISTRICT THAT WERE REMOVED, WHICH MAY OR MAY NOT BE --

10        **JUDGE VANCE:**  THAT'S ONLY --

11        (SIMULTANEOUS COLLOQUY.)

12        **JUDGE HUVELLE:**  AREN'T YOU SUBJECT TO OFFENSIVE USE

13   OF COLLATERAL ESTOPPEL IF IT'S FIRST DECIDED IN ONE COURT ON A

14   FULL RECORD?  I UNDERSTAND THAT THE PLAINTIFFS --

15        **MR. BRIAN:**  I DON'T THINK THERE WILL BE A BINDING

16   JUDGMENT WITH A RULE BY THE DISTRICT JUDGE.  I THINK THE

17   DISTRICT OF NEVADA JUDGE ON FRIDAY INDICATED THE GENERAL WAY HE

18   RULES.  HE MAY ACTUALLY RULE SO THAT ISSUE ON REMAND IS

19   APPEALABLE, BUT WE ANTICIPATE THIS LEGAL ISSUE WILL BE DECIDED

20   IN ALL THESE COURTS AND WILL GO UP TO FIVE OR SIX DIFFERENT

21   CIRCUITS.

22        **JUDGE VANCE:**  I THINK IT PROBABLY WOULD BE

23   APPEALABLE, BECAUSE THAT STATUTE ESSENTIALLY MAKES YOU A

24   GOVERNMENT CONTRACTOR, AND GOVERNMENT CONTRACTORS -- IT

25   PROBABLY WOULD BE APPEALABLE.

1          BUT GOING TO THE POINT ABOUT THESE NEVADA CASES,

2    THERE'S ONLY FOUR NEGLIGENCE CASES THAT HAVE BEEN REMOVED, AND

3    THEY'RE CURRENTLY IN FEDERAL COURT RIGHT NOW, RIGHT?

4          **MR. BRIAN:**  THAT'S ALL THERE IS NOW.  THERE WERE

5    22,000 TICKET HOLDERS, YOUR HONOR, AND WE HAVE BEEN NOTIFIED OF

6    ABOUT 2500 PEOPLE.

7          **JUDGE VANCE:**  BUT WE HAVE TO DEAL WITH WHAT WE HAVE

8    IN FRONT OF US, AND THERE'S THE DISTINCT POSSIBILITY THAT THOSE

9    CASES COULD NEVER GET INTO FEDERAL COURT.

10         **MR. BRIAN:**  THAT'S WHY WE FILED THE DEC RELIEF

11   ACTIONS, BECAUSE WE FEARED THAT THEY WERE GOING TO DRIBBLE OUT

12   CASES YOU KNOW, ONE-BY-ONE-BY-ONE, AND YET WE WERE TOLD 2500

13   PEOPLE THAT WERE GOING TO SUE.  SO THERE ARE 2500 CLAIMANTS

14   APPROXIMATELY --

15         **JUDGE VANCE:**  I'M NOT DISPUTING THAT.  I MEAN, I

16   THINK ONE DAY THERE ARE GOING TO BE A LOT OF CLAIMS SOMEWHERE

17   INVOLVING THIS INCIDENT, UNLESS SOMEBODY SAYS THEY HAVE TO GO

18   AWAY FOR SOME LEGAL REASON.

19         THE QUESTION IS WE DEAL WITH THE RECORD WE'VE GOT IN

20   FRONT OF US AND WHETHER THIS IS RIPE.

21         **MR. BRIAN:**  I UNDERSTAND, BUT YOU HAVE A RECORD IN

22   WHICH THERE ARE 2500 CLAIMANTS IN LITIGATION.  WE HAVE

23   WITNESSES ALL OVER THE COUNTRY.  THE WITNESSES ARE NOT

24   CENTRALIZED ANYWHERE AND --

25         **JUDGE HUVELLE:**  JUDGE VANCE'S POINT IS THERE MAY BE

1  POSSIBLE 2500, BUT THEY'RE NOT THERE YET, SO ALL WE HAVE IS

2  UNDERLYING TORT SUITS.

3          **MR. BRIAN:**  I DISAGREE WITH THAT.  THEY ARE THERE.

4  THEY ARE THERE BECAUSE OF THE DEC RELIEF ACTIONS.  BUT THEY ARE

5  IN COURT RIGHT NOW AND UNLESS THOSE ARE DISMISSED ON

6  JURISDICTIONAL GROUNDS --

7          (SIMULTANEOUS COLLOQUY.)

8          **JUDGE HUVELLE:**  I MEAN, YOU'RE SAYING "THERE" BECAUSE

9  YOU RULED FOR DEC JUDGMENT?

10         **MR. BRIAN:**  CORRECT.

11         **JUDGE HUVELLE:**  NOT THAT THEY SUED; WE DON'T KNOW

12  THAT THEY'RE GOING TO SUE.

13         **MR. BRIAN:**  WELL, WE ONLY SUED PEOPLE WHO EITHER SUED

14  US BEFORE, WHICH IS ALMOST 650 PEOPLE THAT FILED LAWSUITS, OR

15  HAD THROUGH COUNSEL INDICATED AN INTENTION TO SUE.

16         **JUDGE KAPLAN:**  SO LET ME ASK THIS.  I'M GOING TO GO

17  BACK TO THE COLLATERAL ESTOPPEL ISSUE FOR A MINUTE.  BEAR WITH

18  ME.

19         IS IT CORRECT THAT YOUR PRINCIPAL DECLARATORY

20  JUDGMENT ACTION IS IN THE DISTRICT COURT IN NEVADA?

21         **MR. BRIAN:**  NO.

22         **JUDGE KAPLAN:**  YOU'VE GOT SEVERAL ACTIONS --

23         **MR. BRIAN:**  THERE ARE -- WE FILED IN I THINK IT'S

24  SEVEN OR EIGHT JURISDICTIONS.  WE FILED WHERE THE PEOPLE WHO

25  INDICATED THEY ARE GOING TO SUE, WHERE THEY RESIDE.

1

2

3                        **<u>CERTIFICATE OF REPORTER</u>**

4          I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE

5    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

6    CERTIFY THAT THE FOREGOING PROCEEDINGS, WERE REPORTED BY ME, A

7    CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED

8    UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A

9    FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY

10   ME AT THE TIME OF FILING.

11         THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID

12   TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE

13   COURT FILE.

14

15   _____

16         JOAN MARIE COLUMBINI, CSR 5435, RPR

17         WEDNESDAY, OCTOBER 3, 2018

18

19

20

21

22

23

24

25

# EXHIBIT D

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ROUTE 91 HARVEST FESTIVAL
SHOOTINGS IN LAS VEGAS, NEVADA,
ON OCTOBER 1, 2017                                              MDL No. 2864

## ORDER DENYING TRANSFER

**Before the Panel:**[*]  MGM Resorts International, Mandalay Bay, LLC, Mandalay Resort
Group, MGM Resorts Venue Management, LLC, and MGM Resorts Festival Grounds, LLC
(collectively, MGM) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this
litigation.  The motion encompasses thirteen actions pending in eight districts, as listed on
Schedule A.  MGM does not request a particular transferee district.  Defendants Live Nation
Worldwide, Inc., and Live Nation Group d/b/a OneNationGroup, LLC, join MGM's motion.
Plaintiffs in the *Sheppard* action pending in the District of Nevada oppose centralization and,
alternatively, suggest the District of Nevada as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization
will not serve the convenience of the parties and witnesses or further the just and efficient conduct
of this litigation.  These actions arise from an October 1, 2017, mass shooting (the Harvest Festival
Shooting), during which Stephen Paddock, firing from a room at the Mandalay Bay hotel, killed or
wounded hundreds of individuals attending a country music festival across the street.  Nine of the
actions, though, are declaratory judgment actions brought by MGM against approximately 1,977
individuals who either previously sued or have threatened to sue MGM for failing to employ
adequate safety measures with respect to its hotel operations and management of the concert venue
that allegedly could have prevented the shooting.[1]  In each of these actions, MGM seeks a declaration
that any state-law claims arising against MGM from the Harvest Festival Shooting are barred by the
SAFETY Act of 2002, 6 U.S.C. §§ 441-444, and that MGM has no liability to plaintiffs under the
Act.[2]  Whether the SAFETY Act is applicable to these claims is a legal question.  MGM seeks

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] MGM owns both the Mandalay Bay hotel and the property where the Route 91 Harvest
Festival took place.

[2] The Support Anti-terrorism by Fostering Effective Technologies Act of 2002 (the SAFETY
Act), 6 U.S.C. §§ 441-444, creates a federal cause of action for "claims arising out of, relating to,
or resulting from an act of terrorism when qualified anti-terrorism technologies have been deployed
in defense against or response or recovery from such act and such claims result or may result in loss
(continued...)

-2-

efficiencies through centralized treatment of this disputed legal question, which also is at issue in
the four individual negligence actions listed on the motion, which were removed on the basis of the
SAFETY Act. But, "[m]erely to avoid [different] federal courts having to decide the same issue is,
by itself, usually not sufficient to justify Section 1407 centralization." *In re Medi-Cal
Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L. 2009). The declaratory
judgment actions do not, on their own, present sufficiently numerous or complex common questions
of fact to merit centralization.[3]

The other four actions listed on Schedule A, as alluded to, are individual negligence actions
naming MGM as a defendant. Where only a minimal number of actions are involved, the proponent
of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re
Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Here, three of the
four negligence actions are pending in one district (the Central District of California) and are being
coordinated by one judge. Thus, we are presented with one negligence action in the District of
Nevada and three coordinated negligence actions in the Central District of California (as well as the
nine declaratory judgment actions, which present few factual questions). There also is significant
overlap among counsel in these actions.[4] At this point, voluntary cooperation and coordination
among the small number of parties and involved courts appears feasible. We encourage the parties
to employ various alternatives to transfer which may minimize the potential for duplicative discovery
and inconsistent pretrial rulings in this litigation. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin
Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex
Litigation, Fourth, § 20.14 (2004).

MGM argues that this litigation will expand significantly. In particular, MGM emphasizes
that it has received pre-litigation hold letters from at least 63 attorneys on behalf of 2,462
individuals, and that one attorney claims that 22,000 lawsuits are expected. Yet, only 38 negligence
actions have been filed to date, and 34 of those were voluntarily dismissed. The Panel generally does

---

[2](...continued)
to the" seller of such qualified anti-terrorism technologies. *Id.* § 442(a)(1).

[3] The narrow scope of the jurisdictional discovery recently ordered with respect to plaintiffs'
remand motion in the *Sheppard* action (one of the four negligence actions) demonstrates the limited
benefit that centralization would provide the declaratory judgment actions. At oral argument,
MGM's counsel suggested that more substantive fact questions regarding the Harvest Festival
Shooting and MGM's preventative measures could be introduced into the declaratory judgment
actions through counterclaims. No such counterclaims have been filed, however, and speculation
regarding the declaratory judgment defendants' future actions is insufficient to justify centralization.

[4] Counsel for the District of Nevada *Sheppard* plaintiffs have entered appearances in each
of the California actions on behalf of the California plaintiffs. Counsel for the *Sheppard* plaintiffs
also maintain that they represent or are coordinating with counsel representing nearly all the 1,977
defendants named in the declaratory judgment actions.

-3-

not "take into account the mere possibility of future filings" when considering centralization. *In re Qualitest Birth Control Prods. Liab. Litig.*, 38 F. Supp. 3d 1388, 1389 (J.P.M.L. 2014) (quoting *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013)). Moreover, plaintiffs have indicated their intent to pursue this litigation in Nevada state court. With dismissal and remand motions pending in all actions, it is possible that, instead of expanding, the federal litigation will lose its multidistrict character or cease altogether. As the contours of this litigation are not yet apparent, centralization is inappropriate.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____

Sarah S. Vance
Chair

Marjorie O. Rendell                Lewis A. Kaplan
Ellen Segal Huvelle                R. David Proctor
Catherine D. Perry

**IN RE: ROUTE 91 HARVEST FESTIVAL
SHOOTINGS IN LAS VEGAS, NEVADA,
ON OCTOBER 1, 2017**                    MDL No. 2864

## SCHEDULE A

District of Alaska

MGM RESORTS INTERNATIONAL, ET AL. v. CORBIN, ET AL.,
  C.A. No. 3:18-00168

District of Arizona

MGM RESORTS INTERNATIONAL, ET AL. v. BOOTH, ET AL.,
  C.A. No. 2:18-02250

Central District of California

RAMIREZ, ET AL. v. MGM RESORTS INTERNATIONAL, ET AL.,
  C.A. No. 2:18-05564
PEREDA v. MGM RESORTS INTERNATIONAL, ET AL., C.A. No. 2:18-05570
MAGGIORE v. MGM RESORTS INTERNATIONAL, ET AL., C.A. No. 2:18-05640
MGM RESORTS INTERNATIONAL, ET AL. v. AASE, ET AL., C.A. No. 2:18-06113
MGM RESORTS INTERNATIONAL, ET AL. v. ABNER, ET AL.,
  C.A. No. 2:18-06197

Southern District of Florida

MGM RESORTS INTERNATIONAL, ET AL. v. BRASFIELD, ET AL.,
  C.A. No. 1:18-22883

District of Nevada

SHEPPARD, ET AL. v. MANDALAY BAY, LLC, ET AL., C.A. No. 2:18-01120
MGM RESORTS INTERNATIONAL, ET AL. v. ACOSTA, ET AL.,
  C.A. No. 2:18-01288

Southern District of New York

MGM RESORTS INTERNATIONAL, ET AL. v. SOCCI, ET AL.,
  C.A. No. 1:18-06451

-A2-

<u>Southern District of Texas</u>

MGM RESORTS INTERNATIONAL, ET AL. v. ARCHAMBEAULT, ET AL.,
    C.A. No. 4:18-02465

<u>District of Utah</u>

MGM RESORTS INTERNATIONAL, ET AL. v. EARDLEY, ET AL.,
    C.A. No. 2:18-00567

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October 2018, I caused to be electronically filed the foregoing via the Court's Electronic Case Filing (ECF) system. I understand that notification of this filing will be sent to all counsel of record in this matter who are on the Court's CM/ECF service list.

*/s/ Daniel S. Robinson*
Daniel S. Robinson

DEFENDANTS' MOTION TO DISMISS COMPLAINT SEEKING DECLARATORY RELIEF